UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

GLOBAL DETECTION AND
REPORTING, INC.,                                      Civil Action No.:  08-CIV-5441

                           Plaintiff,                                      (GEL/FM)

    -against-

                                          **NOTICE OF MOTION
TO DISMISS PURSUANT
TO FED.R.CIV.P. 12(b)(6)**

SECURETEC DETEKTIONS-
SYSTEME AG and SECURETEC
CONTRABAND DETECTION AND
IDENTIFICATION, INC.,

                        Defendants.
-------------------------------------------------------------X

      PLEASE TAKE NOTICE that, upon the declaration of William S. Nolan, Esq., executed on July 3, 2008, and the exhibit thereto, as well as the accompanying memorandum of law, and all prior pleadings in this action, Defendants Securetec Detektions-Systeme AG and Securetec Contraband Detection and Identification, Inc. ("Defendants"), hereby move pursuant to Fed.R.Civ.P. 12 (b)(6), before the Honorable Gerard E. Lynch, at the United States Courthouse, 500 Pearl Street, New York, New York, for an Order dismissing with prejudice the second, third, and fourth causes of action included in Plaintiff's complaint, and granting Defendants such other and further relief as the Court shall deem just and proper.

PLEASE TAKE FURTHER NOTICE that, pursuant to Local Rule 6.1, Defendants hereby request that any opposing affidavits and/or memoranda of law be served upon the undersigned within ten (10) business days.


Dated: Albany, New York
       July 3, 2008


                                    WHITEMAN OSTERMAN & HANNA LLP


                              BY:    /s/ William S. Nolan
                                    _____
                                    John J. Henry (JH-7137)
                                    William S. Nolan (WN-8091)
                                    Attorneys for Defendants
                                    One Commerce Plaza
                                    Albany, New York  12260
                                    (518) 487-7600


TO:    Robert S. Bernstein, Esq.
       McCARTER & ENGLISH, LLP
       Attorneys for Plaintiff
       245 Park Avenue
       New York, New York  10167
       (212) 609-6800

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

GLOBAL DETECTION AND
REPORTING, INC.,                                        Civil Action No.:  08-CIV-5441

                              Plaintiff,                      (GEL/FM)

            -against-                                   **DECLARATION IN
                                                        SUPPORT OF MOTION
                                                        TO DISMISS PURSUANT
                                                        TO FED.R.CIV.P. 12(b)(6)**

SECURETEC DETEKTIONS-
SYSTEME AG and SECURETEC
CONTRABAND DETECTION AND
IDENTIFICATION, INC.,

                              Defendants.
------------------------------------------------------------X

        WILLIAM S. NOLAN, ESQ., declares the following to be true under penalties of

perjury:

        1.      I am an attorney with Whiteman Osterman & Hanna LLP, counsel of record to

Defendants in this action.  I submit this declaration in support of Defendants' motion to dismiss

the second, third, and fourth causes of action asserted in Plaintiff's complaint, with prejudice,

pursuant to Fed.R.Civ.P. 12(b)(6).

        2.      Attached as Exhibit A is a copy of the complaint in this action, filed by Plaintiff

on June 16, 2008. (Docket No. 1).

        3.      I hereby affirm under penalties of perjury that the foregoing is true and accurate.

                                        /s/ William S. Nolan
                                        _____
Dated:  July 3, 2008                              WILLIAM S. NOLAN

# EXHIBIT A

JUDGE LYNCH

◆ AO 440 (Rev. 04/08)  Civil Summons

# UNITED STATES DISTRICT COURT
### for the
Southern District of New York

| | |
|---|---|
| Global Detection and Reporting Inc. | ) |
| Plaintiff | ) |
| v. | ) |
| Securetec Detektions - Systeme AG and Securetec Contraband Detection and Identification, Inc | ) |
| Defendant | ) |

'08    CIV   5441

Civil Action No.

## Summons in a Civil Action

To: *(Defendant's name and address)*

Securetec Detektions-Systeme AG
StartPoint Technologie Park
Eugen-Sanger-Ring 1
D-85649, Brunnthal, Germany

Securetec Contraband Detection and Identification Inc.
460 Market Street #301
Williamsport, PA 17701

A lawsuit has been filed against you.

Within  20  days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, whose name and address are:

McCarter & English, LLP
245 Park Avenue
New York, NY 10167

If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

J. MICHAEL McMAHON

Name of clerk of court

Date:      JUN 1 6 2008

Deputy clerk's signature

*(Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States allowed 60 days by Rule 12(a)(3).)*

✎ AO 440 (Rev 04/08) Civil Summons (Page 2)

**Proof of Service**

I declare under penalty of perjury that I served the summons and complaint in this case on _____,
by:

    (1) personally delivering a copy of each to the individual at this place, _____

    _____ ; or

    (2) leaving a copy of each at the individual's dwelling or usual place of abode with _____
    who resides there and is of suitable age and discretion; or

    (3) delivering a copy of each to an agent authorized by appointment or by law to receive it whose name is

    _____ ; or

    (4) returning the summons unexecuted to the court clerk on _____ ; or

    (5) other *(specify)* _____

    _____

    _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00  _____ .


Date:    _____            _____

                                                      Server's signature

                                         _____

                                                     Printed name and title

                                         _____

                                                    Server's address

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X

| | |
|---|---|
| GLOBAL DETECTION AND REPORTING, INC., | : |
| | : |
| Plaintiff, | : |
| | : |
| -against- | : |
| | : |
| SECURETEC DETEKTIONS- SYSTEME AG and SECURETEC CONTRABAND DETECTION AND IDENTIFICATION, INC. | : |
| Defendants. | : |

Civil Action No.: 08-CIV-5441
Judge Lynch

**COMPLAINT AND**
**DEMAND FOR JURY TRIAL**

-----------------------------------------------------X

Plaintiff GLOBAL DETECTION AND REPORTING, INC. ("GDR"), by its attorneys McCarter

& English, LLP, alleges as its Complaint against Defendants SECURETEC DETEKTIONS-

SYSTEME AG and SECURETEC CONTRABAND DETECTION AND IDENTIFICATION,

INC.(collectively "SECURETEC") as follows:

<u>**Nature of this Action: Jurisdiction of the Court**</u>

1.      This is a civil action to remedy torts and breach of contract between citizens of

different states where the amount in controversy exceeds the minimum jurisdictional

requirements of this Court.

<u>**Parties**</u>

2.      Plaintiff GDR is a Delaware corporation, having its principal place of business at

36 West 25th Street, 16th Floor, New York, New York 10010.

ME1 7452025v.1

3.     GDR is engaged in the marketing, and exclusive North American and Caribbean distribution, of patented detection products (i.e., DRUGWIPE®) and related products which detect the presence of controlled substances.

4.     Upon information and belief, Defendant SECURETEC DETEKTIONS-SYSTEME AG is a German corporation having a principal place of business at StartPoint Technologie Park, Eugen-Sanger-Ring 1, D-85649 Brunnthal, Germany.

5.     Upon information and belief, Defendant SECURETEC CONTRABAND DETECTION AND IDENTIFICATION, INC., a subsidiary of SECURETEC DETEKTIONS-SYSTEME AG, is a Pennsylvania corporation with its principal place of business at 460 Market Street, #301, Williamsport, PA 17701.

6.     Securetec is the owner of the patent(s) related to the DRUGWIPE® products and the sole source provider of the products at issue herein.

### Jurisdiction and Venue

7.     Subject matter jurisdiction over this action is conferred upon this Court by 28 U.S.C. §1332, and jurisdiction supplemental thereto arises pursuant to 28 U.S.C. § 1367.

8.     This Court has personal jurisdiction over the Defendants, and venue is properly laid in this district, pursuant to 28 U.S.C. §1391(b), in that, upon information and belief, Defendants are doing and transacting business within this judicial district, and have committed the acts complained of herein within this judicial district.

2

**Factual Background**

9.      Prior to and through May 2007, Securetec sought assistance in expanding its sales of patented surface detection products in the North American and Caribbean markets.

10.      To that end, SECURETEC DETEKTIONS-SYSTEME AG, on its own behalf and on behalf of its subsidiary SECURETEC CONTRABAND DETECTION AND IDENTIFICATION, INC., entered into a distribution agreement dated May 31, 2007 (the "Distribution Agreement"), with GDR.

11.      The Distribution Agreement expressly appoints GDR as Securetec's distributor for the marketing and sale of certain Securetec Products (the "Securetec Products") in the North American and Caribbean workplace, school, consumer direct and retail markets.

12.      Additionally, the Distribution Agreement provides that, through at least June 30, 2008, GDR is to be Securetec's sole and exclusive distributor for the Securetec Products in the North American and Caribbean markets described.  The Distribution Agreement also contemplates the extension of the sole and exclusive sales rights beyond June 30, 2008, provided the GDR either makes a market exclusivity payment on or before that date, or facilitates a defined stock buy-back or stock purchase from Securetec by June 30, 2008.

13.      Significantly, the Distribution Agreement provides that, with the exception of concluding certain identified and preexisting contracts, "Securetec will not deal or negotiate directly with any customers in the Markets in the Territory [North America and the Caribbean] and Securetec will refer all orders received from such customers to GDR".

3

14.     At all times relevant hereto, GDR acted in good faith, fulfilled its obligations pursuant to the Distribution Agreement, and utilized its best efforts to expand the sales and distribution of the Securetec Products in the North American and Caribbean markets, and to provide additional services related to contraband detection and to expand the markets to which the Securetec Products are sold.

15.     In particular, by August 2007, GDR developed a relationship with a new customer (the "GDR Customer"), previously unfamiliar with Securetec, to whom GDR introduced the Securetec Products, and with whom GDR discussed the material terms of sales of the Securetec Products in six states in North America, and the wider distribution and sales of the Securetec Products in North America by a national drug store chain.

16.     During the course of its discussions with the GDR Customer, GDR shared with Securetec the confidential details of its negotiations with the GDR Customer, including, but not limited to pricing information and profitability projections (the "Confidential Information").

17.     Thereafter, in direct contravention of the explicit and unambiguous terms of the Distribution Agreement, Securetec, to the exclusion of GDR, met and privately negotiated with the GDR Customer for sales of the Securetec Products.

18.     During the aforementioned negotiations, Securetec entered into direct and unfair competition with GDR by utilizing the Confidential Information and, *inter alia*, offering the GDR Customer more desirable terms than those previously offered by GDR.

4

19.     After, and as a direct result of, Securetec's direct negations with the GDR

Customer, Securetec usurped GDR's rights pursuant to the Distribution Agreement and deprived

GDR of the benefits of the Distribution Agreement and its negotiations with the GDR customer.

## FIRST COUNT
### (Breach of Contract)

20.     Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully

set forth herein.

21.     At all times relevant hereto, the Distribution Agreement was in full force and

effect.

22.     At all times relevant hereto, GDR fulfilled its obligations under the Distribution

Agreement.

23.     Securetec breached the terms of the Distribution Agreement by, among other

things, dealing directly with the GDR Customer and competing directly with GDR in the markets

and territory granted to GDR by the Distribution Agreement.

24.     As a result of the foregoing, GDR has been damaged in an amount to be

determined at trial, but in no event less than Two Million Five Hundred Thousand Dollars

($2,500,000.00).

## SECOND COUNT
### (Breach of Implied Covenant)

25.     GDR repeats the allegations contained in the foregoing paragraphs as if fully set

forth herein.

ME1 7452025v.1

26.   GDR's relationship with Securetec and, in particular, the Distribution Agreement created an implied covenant of good faith and fair dealing between GDR and Securetec.

27.   Securetec breached this implied covenant by competing unfairly with GDR in a market and with a customer that Securetec had expressly granted GDR exclusive rights to.

28.   Securetec's conduct in this regard damaged GDR's business, reputation and relationship with the GDR Customer.

29.   As a result of the foregoing, GDR has been damaged in an amount to be determined at trial, but in no event less than Two Million Five Hundred Thousand Dollars ($2,500,000.00).

### THIRD COUNT
#### (Unfair Competition)

30.   GDR repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

31.   Based on the facts alleged in this Complaint, Securetec acted in bad faith to misappropriate the skill, expenditures, and labor of GDR.

32.   Pursuant to the terms of the Distribution Agreement, the North American market, and the customers developed by GDR for the Securetec Products belonged exclusively to GDR.

33.   Securetec's direct contact with the GDR Customer, and use of the Confidential Information usurped GDR's exclusive relationship with the GDR Customer.

6

MEI 7452025v 1

34.    As a result of the foregoing, GDR has been damaged in an amount to be determined at trial, but in no event less than Two Million Five Hundred Thousand Dollars ($2,500,000.00).

**FOURTH COUNT**
**(Tortious Interference with Prospective Economic Advantage)**

35.    Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

36.    GDR established business relations with the GDR Customer.

37.    Securetec interfered with GDR's business relations with the GDR Customer by, *inter alia*, negotiating with the GDR Customer in secret and to the exclusion of GDR, and, thereby, usurping GDR's relationship with the GDR Customer.

38.    Securetec utilized confidential and proprietary information obtained from GDR to interfere with GDR's business relationship with the GDR Customer.

39.    As a result of Securetec's intentional interference with GDR's relationship with the GDR Customer, GDR's relationship with that customer was damaged.

40.    As a result of the foregoing, GDR has been damaged in an amount to be determined at trial, but in no event less than Two Million Five Hundred Thousand Dollars ($2,500,000.00).

WHEREFORE, Plaintiff GLOBAL DETECTION AND REPORTING, INC., prays that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief including, but not limited to, the following:

7

A.   Entering a permanent injunction enjoining Securetec, its respective officers, directors, employees, agents, subsidiaries, affiliates, distributors, dealers, and all persons in active concert or participation with Securetec from selling or distributing the Securetec Products in the North American and Caribbean workplace, school, consumer direct and retail markets for a period of not less than one year, and thereafter to the extent that GDR continues to abide by the terms of the Distribution Agreement, and from otherwise unfairly competing with GDR, misappropriating that which rightfully belongs to GDR, or usurping opportunities and markets developed by GDR;

B.   Requiring that Securetec direct any workplace, school, consumer direct and retail market customers in North America or the Caribbean who are interested in the Securetec Products to GDR,

C.   Securetec be ordered to file with the Court and serve on counsel for GDR within thirty (30) days after judgment, a report in writing and under oath, setting forth in detail the manner and form in which Securetec has complied with the Order.

D.   Requiring Securetec to account to GDR for Securetec's profits, reimburse GDR for actual damages suffered by GDR as a result of Securetec's breach of contract, unfair trade practices, and misappropriation.

E.   That Securetec be required to pay to Plaintiff all of its litigation expenses including the costs of this action and reasonable attorneys fees.

F.   Such other relief as may be appropriate in equity and good conscience.

8

## JURY DEMAND

GDR hereby demands a jury trial on all issues so triable.

Dated: New York, New York
   June 16, 2008

McCARTER & ENGLISH, LLP

By: _____
  Robert S. Bernstein (RB-1509)
  A Member of the Firm
Attorneys for Plaintiff Global Detection and
Reporting, Inc.
245 Park Avenue
New York, New York 10167
(212) 609-6800

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

GLOBAL DETECTION AND
REPORTING, INC.,                                    Civil Action No.:  08-CIV-5441

                          Plaintiff,               (GEL/FM)

        -against-


SECURETEC DETEKTIONS-
SYSTEME AG and SECURETEC
CONTRABAND DETECTION AND
IDENTIFICATION, INC.,

                          Defendants.
-------------------------------------------------------------X


**MEMORANDUM OF LAW IN SUPPORT**
**OF DEFENDANTS' MOTION TO DISMISS**




                          WHITEMAN OSTERMAN & HANNA LLP
                          Attorneys for Defendants
                          One Commerce Plaza
                          Albany, New York  12260
                          (518) 487-7600




John J. Henry, Esq.
William S. Nolan, Esq.
*Of Counsel*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................... ii

PRELIMINARY STATEMENT ........................................................................................ 1

STATEMENT OF FACTS ............................................................................................... 3

ARGUMENT ................................................................................................................... 4

POINT I     THE COMPLAINT DOES NOT STATE A CLAIM FOR BREACH  OF
            THE COVENANT OF GOOD FAITH AND FAIR DEALING ........................... 4

POINT II    THE COMPLAINT DOES NOT STATE A CLAIM FOR UNFAIR
            COMPETITION ............................................................................... 6

            A.     The Claim is Duplicative of the Breach of Contract Claim ....................... 6

            B.     The Claim Does Not Include Any Allegation of Consumer
                   Confusion ............................................................................... 7

            C.     The Claim Does Not Allege That Securetec Acted in Bad Faith ............. 10

POINT III   THE COMPLAINT DOES NOT STATE A CLAIM FOR TORTIOUS
            INTERFERENCE WITH BUSINESS PROSPECTS ........................................... 11

            A.     The Complaint Does Not Sufficiently Allege Causation ........................ 12

            B.     The Complaint Does Not Allege that Securetec Acted with
                   Wrongful Means. .................................................................. 13

CONCLUSION ................................................................................................................ 15

i

# <u>TABLE OF AUTHORITIES</u>

## Federal Cases

<u>Advanced Marine Tech., Inc. v. Burnham Sec., Inc.</u>, 16 F.Supp.2d 375 (S.D.N.Y. 2006).... 12, 13

<u>Am. Footwear Corp. v. Gen. Footwear Co.</u>, 609 F.2d 655 (2d Cir. 1979) ..................................... 9

<u>Astor Holdings, Inc. v. Roski</u>, No. 01-CV-1905 (GEL), 2002 WL 1058057
   (S.D.N.Y. 2002) ....................................................................................................... 11, 12

<u>Best Cellars, Inc. v. Wine Made Simple, Inc.</u>, 320 F.Supp.2d 60 (S.D.N.Y. 2003)...................... 7

<u>Bio-Tech. Gen. Corp. v. Genentech, Inc.</u>, 886 F.Supp. 377 (S.D.N.Y. 1995).............................. 9

<u>Cohen v. Elephant Wireless, Inc.</u>, No. 03-CV-1058 (CBM), 2004 WL 1872421
   (S.D.N.Y. Aug. 19, 2004) ............................................................................................... 4

<u>Demalco Ltd. v. Feltner</u>, 588 F.Supp. 1277 (S.D.N.Y. 1984) ...................................................... 12

<u>Empresa Cubana del Tabaco v. Culbro Corp.</u>, 399 F.3d 462 (2d Cir. 2005)............................... 10

<u>Genal Strap, Inc. v. Irit Dar</u>, No. 04-CV-1691 (CJ), 2005 WL 525547 (E.D.N.Y. 2005)............ 11

<u>Gidatex, S.R.L. v. Campaniello Imp., Ltd.</u>, 13 F.Supp.2d 420 (S.D.N.Y. 1998) .......................... 9

<u>Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc.</u>, 58 F.3d 27 (2d Cir. 1995) ........................... 7

<u>Kamfar v. New World Rest. Group, Inc.</u>, 347 F.Supp.2d 38 (S.D.N.Y. 2004) ............................. 4

<u>Kramer v. Pollock-Krasner Found.</u>, 890 F.Supp. 250 (S.D.N.Y. 1995)................................. 11, 12

<u>McDonald's Corp. v. McBagel's Inc.</u>, 649 F.Supp. 1268 (S.D.N.Y. 1986) ................................. 7

<u>Merrill Lynch Futures, Inc. v. Miller</u>, 686 F.Supp. 1033 (S.D.N.Y. 1988).................................. 12

<u>Milton Abeles, Inc. v. Creekstone Farms Premium Beef, LLC</u>, No. 06-CV-3893
   (JFB)(AKT), 2007 WL 1434990 (E.D.N.Y. May 14, 2007) ................................................. 8, 9

<u>Nat'l Westminster Bank PLC v. Grant Prideco, Inc.</u>, 261 F.Supp.2d 265
   (S.D.N.Y.  2003) ............................................................................................................ 5

<u>Orange County Choppers, Inc. v. Olaes Enter., Inc.</u>, 497 F.Supp.2d 541
   (S.D.N.Y. 2007) ............................................................................................................ 6, 7

Paper Corp. of United States v. Schoeller Technical Papers, Inc., 759 F.Supp. 1039
    (S.D.N.Y. 1991) ............................................................................................. 7, 8, 10

Riddell Sports, Inc. v. Brooks, 872 F.Supp. 73 (S.D.N.Y. 1995) ................................. 12

Special Event Ent't v. Rockefeller Cr., Inc., 458 F.Supp. 72 (S.D.N.Y. 1978) ........................ 12

VTR, Inc. v. Goodyear Tire & Rubber Co., 303 F.Supp. 773 (S.D.N.Y. 1969) ........................... 4

Zikakis v. Staubach Retail Service, Inc., No. 04-CIV-9609 (NRB), 2005 WL 2347852
    (E.D.N.Y. Sept. 26, 2005) ................................................................................... 11

**State Cases**

BGW Dev. Corp. v. Mount Kisco Lodge No. 1552 of the Benevolent and Protective
    Order of Elks of the United States of Am., Inc., 247 A.D.2d 565,
    669 N.Y.S.2d 56 (2d Dep't 1998) ........................................................................ 13

Bus. Networks of N.Y., Inc. v. Complete Network Solutions Inc., 265 A.D.2d 194,
    696 N.Y.S.2d 433 (1st Dep't 1999) ........................................................................ 4

Calip Dairies, Inc. v. Penn Station News Corp., 262 A.D.2d 193, 695 N.Y.S.2d 70
    (1st Dep't 1999) ................................................................................................. 8

Carvel Corp. v. Noonan, 3 N.Y.3d 182, 190, 785 N.Y.S.2d 359 (2004) ................................ 13, 14

Cerberus Intern., Ltd. v. Bactec, Inc., 16 A.D.3d 126, 791 N.Y.S.2d 28 (1st Dep't 2005) ............ 4

Clark Fitzpatrick v. Long Island R.R. Co., 70 N.Y.2d 382, 521 N.Y.S.2d 653 (1987) ................. 6

Empire State Bldg. Assoc. v. Trump, 247 A.D.2d 214, 669 N.Y.S.2d 205 (1st Dep't 1998) ........ 5

Ent't Partners Group, Inc. v. Davis, 198 A.D.2d 63, 603 N.Y.S.2d 439 (1st Dep't 1993) ........... 13

Gertler v. Goodgold, 107 A.D.2d 481, 487 N.Y.S.2d 565 (1st Dep't 1985) ................................ 12

Guard-Life Corp. v. S. Parker Hardware Mfg. Corp., 50 N.Y.2d 183,
    428 N.Y.S.2d 628 (1980) .............................................................................. 11, 13

Iannarelli v. Carvel Stores of New York, Inc., 18 Misc.2d 930, 187 N.Y.S.2d 628
    (Sup. Ct., Queens County 1959) ........................................................................ 8

Jacobs v. Continuum Health Partners, Inc., 7 A.D.3d 312, 776 N.Y.S.2d 279
    (1st Dep't 2004) ................................................................................................. 12

<u>NBT Bancorp v. Fleet/Norstar Fin. Group, Inc.</u>, 87 N.Y.2d 614, 641 N.Y.S.2d 581 (1996)....... 11

<u>New York Pepsi-Cola Dist. Assoc., Inc. v. Pepsico, Inc.</u>, 240 A.D.2d 315, 659 N.Y.S.2d 441
     (1st Dep't 1997) ...................................................................................................................... 15

<u>Prestige Foods, Inc. v. Whale Securities Co., L.P.</u>, 243 A.D.2d 281, 663 N.Y.S.2d 14
     (1st Dep't 1997) ...................................................................................................................... 15

<u>Williams & Co. v. Collins, Tuttle & Co.</u>, 6 A.D.2d 302, 176 N.Y.S.2d 99 (1st Dep't 1958)...... 12

## <u>PRELIMINARY STATEMENT</u>

Defendants Securetec Detektions-Systeme AG and Securetec Contraband Detection and Identification, Inc. (together "Securetec"), submit this memorandum of law in support of their motion to dismiss Plaintiff's second, third, and fourth causes of action pursuant to Fed.R.Civ.P. 12(b)(6).

In this action, Plaintiff Global Detection and Reporting, Inc. ("Plaintiff" or "GDR") broadly alleges that Securetec acted in violation of GDR's exclusive right to market Securetec products under a distribution agreement entered into by the parties in May 2007. Plaintiff claims to have found and cultivated a customer of Securetec products pursuant to that agreement, and alleges that Securetec violated the agreement by meeting privately and entering into sales negotiations with the customer. In addition to a claim for breach of contract, Plaintiff has asserted claims for breach of the covenant of good faith and fair dealing, common law unfair competition, and tortious interference with prospective economic relations.

All of Plaintiff's non-breach of contract claims should be dismissed. The breach of the covenant of good faith and fair dealing claim merely duplicates Plaintiff's breach of contract allegations and does not state a separate cause of action. While New York law recognizes an implied obligation of good faith in all contracts, it does not recognize a claim for breach of that obligation if the conduct at issue is addressed by express provisions of the contract. Since Plaintiff is relying solely on the express terms of the parties' agreement to assert its rights here, its claim for breach of the duty of good faith and fair dealing must be dismissed as redundant.

The unfair competition claim is also duplicative of Plaintiff's breach of contract claim, as it is based solely on Plaintiff's alleged contractual rights. New York law does not permit a

plaintiff to cast its claim as a tort when the claim is based solely on a contractual duty.  In this case, Plaintiff is relying solely on its alleged exclusivity rights under the parties' distribution agreement to support its claim for unfair competition.  This court has struck down similar attempts in the past.  Even if Plaintiff could sue for unfair competition, the allegations in the complaint do not state a valid cause of action.  The complaint does not allege two essential elements of a cause of action for unfair competition under New York law – a likelihood of confusion as to the origin of a product, and bad faith on the part of Securetec.  Accordingly, the complaint should be dismissed as both duplicative of Plaintiff's breach of contract claim and as defectively pleaded.

Finally, Plaintiff's claim for tortious interference is deficient on its face.  Plaintiff has not alleged the element of causation – that it would have received a contract from the customer that it allegedly cultivated "but for" Securetec's actions.  Plaintiff has merely claimed that Securetec's actions damaged its relationship with the customer, which is simply not enough to sustain a claim for tortious interference with prospective business relations.  Plaintiff has also failed to allege that Securetec acted with wrongful means, i.e., conduct which amounts to a crime or an independent tort, or conduct designed solely to inflict harm on the plaintiff.  At best, Plaintiff has alleged that Securetec acted out of economic self-interest, which does not amount to wrongful means under New York law.

Therefore, as demonstrated in more detail below, Plaintiff's second, third, and fourth causes of action should be dismissed.

## STATEMENT OF FACTS

According to the complaint, Plaintiff and Securetec entered into a distribution agreement in May 2007.  (Comp. ¶ 10).  Plaintiff alleges that the agreement gave it the exclusive right to distribute, market, and sell Securetec products in certain North American and Caribbean markets through at least June 30, 2008.  (Comp., ¶¶ 11-12).  Securetec allegedly agreed not to "deal or negotiate directly with any customers" in these markets on its own, and would "refer all orders received from such customers to GDR."  (Comp., ¶ 13).

Plaintiff claims that by August 2007, it had found an unspecified new customer with whom it developed a relationship and discussed sales of Securetec products in North America. (Comp., ¶ 15).  According to the complaint, Plaintiff shared with Securetec the details of its negotiations with the customer, which included pricing information and profitability projections. (Comp., ¶ 16).  Securetec then allegedly met with the customer privately to negotiate sales of its products, offering it more desirable terms than those offered by Plaintiff.  (Comp., ¶ 17).  The complaint does not state whether any orders were taken or sales were consummated.

Plaintiff claims that by meeting with the customer it had identified, Securetec violated its rights under the Distribution Agreement. (Comp., ¶ 18-19). Plaintiff has sued Securetec for breach of contract, breach of the implied covenant of good faith and fair dealing, unfair competition, and tortious interference with prospective economic relations. (Comp., ¶ 20-40). Plaintiff is seeking damages in the amount of $2,500,000.00 per cause of action, as well various forms of injunctive relief.   Securetec now moves to dismiss Plaintiff's second, third, and fourth causes of action.

**ARGUMENT**

**POINT I**

**THE COMPLAINT DOES NOT STATE A CLAIM FOR BREACH
OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**

In its second cause of action, Plaintiff claims Securetec breached the implied covenant of good faith and fair dealing included in the parties' contract when it allegedly met with the customer that Plaintiff had identified. (Comp., ¶¶ 25-29).  This claim should be dismissed because it is based on the same allegations as Plaintiff's first cause of action for breach of contract.  (Comp., ¶¶ 20-24).

While New York law recognizes an implied obligation of good faith in all contracts, it does not recognize a claim for breach of that obligation if the conduct at issue is addressed by express provisions of the contract.  VTR, Inc. v. Goodyear Tire & Rubber Co., 303 F.Supp. 773, 778 (S.D.N.Y. 1969) ("The rule, that where the instrument contains an express covenant in regard to any subject, no covenants are to be implied in respect to the same subject, is too familiar to require more than its statement") (citations omitted).   A claim of breach of the duty of good faith and fair dealing "will be dismissed as redundant where the conduct allegedly violating the implied covenant is a predicate also for a claim for breach of an express provision of the contract." Kamfar v. New World Rest. Group, Inc., 347 F.Supp.2d 38, 52 (S.D.N.Y. 2004) (citations and internal quotations omitted); see also Cohen v. Elephant Wireless, Inc., No. 03-CV-1058 (CBM), 2004 WL 1872421, at *11 (S.D.N.Y. Aug. 19, 2004) (dismissing claim for breach of covenant of good faith and fair dealing as duplicative of contract claim); Cerberus Intern., Ltd. v. Bactec, Inc., 16 A.D.3d 126, 127, 791 N.Y.S.2d 28, 30 (1st Dep't 2005) (same); Bus. Networks of N.Y., Inc. v. Complete Network Solutions Inc., 265 A.D.2d 194, 195, 696

N.Y.S.2d 433, 435 (1st Dep't 1999) (same); <u>Empire State Bldg. Assoc. v. Trump</u>, 247 A.D.2d 214, 214, 669 N.Y.S.2d 205, 205 (1st Dep't 1998) (same).

Plaintiff's complaint specifically states that Securetec's alleged actions were "in direct contravention of the *explicit and unambiguous terms* of the Distribution Agreement" (Comp. ¶ 17 [emphasis added]) and that Securetec "breached the terms of the Distribution Agreement by . . . dealing directly with the GDR Customer and competing directly with GDR in the markets and territory granted to GDR by the Distribution Agreement." (Comp., ¶ 23).  Thus, according to the complaint, Securetec's conduct was addressed by the express terms of the parties' agreement rather than by any covenant implied in that agreement.  Under these circumstances, Plaintiff's claim for breach of the covenant of good faith and fair dealing should be dismissed.  <u>Nat'l Westminster Bank PLC v. Grant Prideco, Inc.</u>, 261 F.Supp.2d 265, 275 (S.D.N.Y. 2003) (dismissing claim for breach of covenant of good faith and fair dealing where allegations supporting it were  "no different from the allegations of breach of express terms covered by other parts of the complaint").

## POINT II

## THE COMPLAINT DOES NOT STATE
## A CLAIM FOR UNFAIR COMPETITION

The third claim included in the complaint is a New York common law claim for unfair competition. (Comp., ¶ 30-34). As demonstrated below, this claim should be dismissed because it is duplicative of Plaintiff's breach of contract claim and is insufficiently pleaded.

### A.    The Claim is Duplicative of the Breach of Contract Claim.

Plaintiff's unfair competition claim fails for the same reason that its claim for breach of the covenant of good faith and fair dealing fails – it duplicates Plaintiff's breach of contract cause of action. A "simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated." Clark Fitzpatrick v. Long Island R.R. Co., 70 N.Y.2d 382, 389, 521 N.Y.S.2d 653, 656 (1987). A tort claim is barred as redundant where, as here, it simply restates the obligations asserted in a cause of action for breach of contract. Id. at 390, 521 N.Y.S.2d at 194.

In Orange County Choppers, Inc. v. Olaes Enter., Inc., 497 F.Supp.2d 541, 556-57, 558 (S.D.N.Y. 2007), for example, the plaintiff alleged that it had an exclusive license to manufacture and sell the defendant's products, and that the defendant had granted other entities that same right in violation of the parties' agreement. This Court dismissed the plaintiff's unfair competition claim as duplicative of its breach of contract claim:

> ODM has not alleged that OCC violated a legal duty independent of the contract and, in fact, has once again alleged a breach of the express provision of the Agreement to make out its claim. Obviously, ODM's right to exclusive use of the OCC Property to manufacture and sell Licensed Products is solely grounded in the Agreement and does not spring from any independent legal duty such as a fiduciary relationship . . . Accordingly, OCC's motion to

6

> dismiss Count Nine of ODM's Counterclaims for unfair competition is granted.

Id. at 558.

The same result should be reached in this case. Plaintiff claims that the parties' agreement – not any independent source – gave it the exclusive right to deal with customers in the North American market (Comp., ¶ 32), and that Securetec violated that contractual right by contacting its customer. (Comp., ¶ 33). Because Plaintiff has not alleged that Securetec had any duty independent of the parties' contract to refrain from contacting its customer, the claim for unfair competition is, as alleged, based on the parties' contract. It should therefore be dismissed as duplicative of Plaintiff's breach of contract claim.

**B.    The Claim Does Not Include Any Allegation of Consumer Confusion.**

Plaintiff's claim for unfair competition is also insufficiently pleaded. Under New York law, a common law claim for unfair competition rests on "the bad faith misappropriation of the labors and expenditures of another, likely to cause confusion or to deceive purchasers as to the origin of the goods." Best Cellars, Inc. v. Wine Made Simple, Inc., 320 F.Supp.2d 60, 83 (S.D.N.Y. 2003) (Lynch, J.) (internal quotations omitted), (citing Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc., 58 F.3d 27, 34 (2d Cir. 1995)). Thus, a plaintiff must allege not only a bad faith misappropriation on the part of the defendant, but it must also allege a likelihood of consumer confusion in distinguishing between the defendant's and plaintiff's products. McDonald's Corp. v. McBagel's Inc., 649 F.Supp. 1268, 1280 (S.D.N.Y. 1986) (citations omitted) (The "single most important element of a state law unfair competition action is a showing that the defendant's conduct will result in consumers confusing the source of defendant's products"); Paper Corp. of United States v. Schoeller Technical Papers, Inc., 759 F.Supp. 1039, 1046 (S.D.N.Y. 1991) (likelihood of confusion between plaintiff's and

defendant's products is necessary element of any common law unfair competition claim).[1] Absent such an allegation of consumer confusion, the complaint does not state a claim for unfair competition. Paper Corp., 759 F.Supp. at 1046 (denying motion to amend complaint to add unfair competition claim where proposed amended complaint did not include any allegation regarding the likelihood of confusion between the plaintiff's and defendants' products).

In Milton Abeles, Inc. v. Creekstone Farms Premium Beef, LLC, No. 06-CV-3893 (JFB)(AKT), 2007 WL 1434990 at *1 (E.D.N.Y. May 14, 2007), the plaintiff and defendant allegedly entered into an agreement under which the plaintiff agreed to expend time, money and effort to promote the defendants' meat products, and to serve as the exclusive source of those products to the defendant's customers. In return for the plaintiff's body of contacts, skill, and knowledge as a distributor of meat products, the plaintiff would take the profit arising from the sale of the defendant's products to third parties. Id. During the course of this agreement, the plaintiff developed a relationship with a particular customer, Wild by Nature, from whom it solicited orders. After the defendant began failing to fulfill the orders Wild by Nature had made through the plaintiff, the plaintiff learned that the defendant had been selling its products to Wild by Nature through another distributor, in alleged violation of the parties' agreement. Id. at * 2. The plaintiff then sued the defendant under a number of theories, including common law unfair competition.

---

[1] This liability structure cannot be readily applied to the business relationship at issue, as a manufacturer and a distributor of the same product are not typical competitors. See, e.g., Iannarelli v. Carvel Stores of New York, Inc., 18 Misc.2d 930, 934, 187 N.Y.S.2d 628, 633 (Sup. Ct., Queens County 1959) (doctrine of unfair competition could not be applied to manufacturer-distributor relationship – "plaintiff is a distributor of the defendants products; not a competitor"); see also, Calip Dairies, Inc. v. Penn Station News Corp., 262 A.D.2d 193, 194, 695 N.Y.S.2d 70, 71 (1st Dep't 1999) (dismissing unfair competition claim because the plaintiff-distributor and defendant-retailer were not in competition).

The <u>Milton Abeles</u> court dismissed Plaintiff's unfair competition claim because the complaint failed to allege "that the defendant's conduct was likely to cause confusion or to deceive purchasers as to the origin of its goods." <u>Id.</u> at * 9. It was not sufficient to simply allege that the defendant had unfairly "taken advantage" of the plaintiff's efforts to promote the defendant's meat products and to cultivate new customers by using other distributors to sell to those customers after they had been discovered and cultivated by the plaintiff. The court noted that "such a protectionist application of the law" has been consistently rejected by the judiciary in favor of a rule which allows a business to capitalize on a market created by another so long as it does not do so by "confusing the public into mistakenly purchasing the product in the belief that the product is the product of the competitor." <u>Id.</u> (internal quotations omitted) (<u>quoting Gidatex, S.R.L. v. Campaniello Imp., Ltd.</u>, 13 F.Supp.2d 420, 429 (S.D.N.Y. 1998), (<u>in turn quoting Am. Footwear Corp. v. Gen. Footwear Co.</u>, 609 F.2d 655, 662 (2d Cir. 1979))).

The same principles apply in this case. Plaintiff has alleged, at most, that Securetec took advantage of its work in cultivating a single customer when Securetec contacted that customer on its own. There is no allegation that Securetec's actions confused the public – or even that single customer – into mistakenly purchasing its products in the belief that that the product originated with Plaintiff. In fact, there is no allegation in the complaint that the customer allegedly cultivated by Plaintiff ever purchased *any* product directly from Securetec. The complaint merely makes reference to alleged negotiations between Securetec and the customer. These allegations are simply insufficient to state a claim for unfair competition. As a result, Plaintiff's third cause of action should be dismissed. <u>Bio-Tech. Gen. Corp. v. Genentech, Inc.</u>, 886 F.Supp. 377, 384 (S.D.N.Y. 1995) (dismissing claim for common law unfair competition because

plaintiff did not allege conduct deceiving the public into believing that the business name, reputation or good will of one person was that of another).

###### C.    The Claim Does Not Allege That Securetec Acted in Bad Faith.

Plaintiff has also failed to allege the necessary element of bad faith.   Bad faith is an essential element of claim for unfair competition under New York law. Empresa Cubana del Tabaco v. Culbro Corp., 399 F.3d 462, 485 (2d Cir. 2005).  There are generally three categories of bad faith that will support a claim for unfair competition:  (1) passing off one's goods as those of another, (2) engaging in activities solely to destroy a rival, and (3) using methods which are independently illegal.  Paper Corp. of United States v. Schoeller Technical Papers, Inc., 759 F.Supp. 1039, 1046 (S.D.N.Y. 1991).  The conduct which Securetec has been accused of here does not fall under any of these categories.  The complaint does not include allegations of passing off or activities designed solely to destroy Plaintiff, thus the first two categories do not apply.  There are also no allegations in the complaint which fall into the third category – using methods which are independently illegal.  As demonstrated above, Plaintiff has merely accused Securetec of violating the alleged exclusivity provisions in the parties' contract, and a mere breach of contract does not amount to an independently illegal act.  Id.  (allegations of fraud and breach of contract did not amount to allegations of independently illegal activity so as to support unfair competition claim).

10

**POINT III**

**THE COMPLAINT DOES NOT STATE A CLAIM FOR
TORTIOUS INTERFERENCE WITH BUSINESS PROSPECTS**

Plaintiff's fourth cause of action is for tortious interference with prospective economic relations, or "business prospects." (Comp., ¶¶ 35-40). Plaintiff claims that it established business relations with a customer, and that Securetec interfered with those relations by negotiating with that customer privately, to Plaintiff's exclusion, causing unspecified damages. (Comp., ¶¶ 36-39). These allegations cannot survive Securetec's motion to dismiss because, as demonstrated below, they do not sufficiently plead the elements of causation or "wrongful means."

To state claim for tortious interference with business prospects, a plaintiff must satisfy "an extremely high pleading standard." Genal Strap, Inc. v. Irit Dar, No. 04-CV-1691 (CJ), 2005 WL 525547, at *3 (E.D.N.Y. 2005) (quoting Astor Holdings, Inc. v. Roski, No. 01-CV-1905 (GEL), 2002 WL 1058057, at *19 (S.D.N.Y. 2002) (Lynch, J)); see also, Kramer v. Pollock-Krasner Found., 890 F.Supp. 250, 258 (S.D.N.Y. 1995) (noting that the claim is "very difficult to sustain"). The complaint must set forth allegations that: (1) the defendant intentionally interfered with a proposed contract between the plaintiff and a third-party, (2) but for the defendant's interference, the contract would have been executed, (3) the defendant's interference was done by wrongful means, and (4) the plaintiff suffered damages as a result. Zikakis v. Staubach Retail Service, Inc., No. 04-CIV-9609 (NRB), 2005 WL 2347852 (E.D.N.Y. Sept. 26, 2005); see also, NBT Bancorp v. Fleet/Norstar Fin. Group, Inc., 87 N.Y.2d 614, 641 N.Y.S.2d 581 (1996); Guard-Life Corp. v. S. Parker Hardware Mfg. Corp., 50 N.Y.2d 183, 428 N.Y.S.2d 628 (1980). Further, the complaint "must have some factual specificity to state a claim for

tortious interference; conclusory assertions are not sufficient." Astor Holdings, 2002 WL 1058057, at *16; see also Gertler v. Goodgold, 107 A.D.2d 481, 490, 487 N.Y.S.2d 565, 572 (1st Dep't 1985) ("conclusory allegations, such as those under review, that a defendant maliciously and deceitfully interfered with the consummation of a contract, are clearly insufficient"); Jacobs v. Continuum Health Partners, Inc., 7 A.D.3d 312, 313, 776 N.Y.S.2d  279, 280-81 (1st Dep't 2004) (dismissing tortious interference claim where complaint failed to plead sufficient nonconclusory allegations).  In this case, Plaintiff has not alleged all of the essential elements of an interference claim, let alone with any specificity.

### A.    The Complaint Does Not Sufficiently Allege Causation.

The complaint does not allege the "but for causation" element of an interference claim. Plaintiff must allege that it would have received a contract with a third-party but for Securetec's actions.  Advanced Marine Tech., Inc. v. Burnham Sec., Inc., 16 F.Supp.2d 375, 385-86 (S.D.N.Y. 2006); Kramer v. Pollock-Krasner Found., 890 F.Supp. 250, 258 (S.D.N.Y. 1995); Riddell Sports, Inc. v. Brooks, 872 F.Supp. 73, 78 (S.D.N.Y. 1995) ("[A] plaintiff must allege that, but for defendant's conduct, his prospective business relations would have coalesced into an actual contract"); Merrill Lynch Futures, Inc. v. Miller, 686 F.Supp. 1033, 1040 (S.D.N.Y. 1988) ("A plaintiff must plead and prove that 'but for the unlawful actions of defendant, the contract would have been performed.'"), (quoting Demalco Ltd. v. Feltner, 588 F.Supp. 1277, 1280 (S.D.N.Y. 1984)); Special Event Ent't v. Rockefeller Cr., Inc., 458 F.Supp. 72, 78 (S.D.N.Y. 1978) (same); Williams & Co. v. Collins, Tuttle & Co., 6 A.D.2d 302, 304, 176 N.Y.S.2d 99, 101 (1st Dep't 1958) ("Plaintiff must allege at least that it would have received the contract.").

Nowhere in Plaintiff's complaint is there any allegation GDR would have received a contract but for Securetec's actions.  The complaint states only that Securetec's actions

12

"damaged GDR's business, reputation and relationship with the GDR customer" (Comp. ¶ 39), implying that Plaintiff still has a relationship with that customer.   Since there is no allegation that GDR would have entered a contract with the customer absent Securetec's alleged interference, Plaintiff has not stated a claim.   Advanced Marine Tech., 16 F.Supp.2d at 386 (S.D.N.Y. 2006) (dismissing interference claim where plaintiff did not demonstrate that the defendant intentionally caused the third party not to enter into a contractual relationship with the plaintiff).

### B.    The Complaint Does Not Allege that Securetec Acted with Wrongful Means.

There is simply no allegation in the complaint that Securetec acted with wrongful means, a prerequisite to any claim for interference with prospective business relations.   Ent't Partners Group, Inc. v. Davis, 198 A.D.2d 63, 64, 603 N.Y.S.2d 439, 440 (1st Dep't 1993) (noting that such a claim "does not lie absent an allegation that the action complained of was motivated solely by malice or to inflict injury by unlawful means rather than by self-interest or other economic considerations.").   To satisfy the wrongful means test, the plaintiff must allege conduct which amounts to a crime or an independent tort, or conduct designed solely to inflict harm on the plaintiff (Carvel Corp. v. Noonan, 3 N.Y.3d 182, 190, 191, 785 N.Y.S.2d 359, 363 [2004]), such as "physical violence, fraud or misrepresentation, civil suits and criminal prosecutions, and some degrees of economic pressure."   Guard-Life, 50 N.Y.2d at 191, 428 N.Y.S.2d at 632; BGW Dev. Corp. v. Mount Kisco Lodge No. 1552 of the Benevolent and Protective Order of Elks of the United States of Am., Inc., 247 A.D.2d 565, 568, 669 N.Y.S.2d 56, 59 (2d Dep't 1998). Persuasion alone, even if knowingly directed at interference with a contract, is not enough. Guard-Life, 50 N.Y.2d at 191, 428 N.Y.S.2d at 448-49.

The New York Court of Appeals case, <u>Carvel Corp. v. Noonan</u>, 3 N.Y.3d at 192, 785 N.Y.S.2d at 364, is instructive on this issue.  As explained there, the Carvel ice cream company had contracts with its franchisees which included restrictions on Carvel's rights to compete with them, and which purportedly prohibited Carvel from marketing its ice cream through supermarkets.  When Carvel began marketing its ice cream through supermarkets and in turn competed with its own franchisees, the franchisees sued for tortious interference with prospective economic relations.  The Court held that Carvel's actions did not amount to "wrongful means" as required to support the franchisees' claim.  <u>Id.</u> at 192.  Carvel did not "drive the franchisees customers away by physical violence, or lure them by fraud or misrepresentation, or harass them with meritless litigation" (<u>Id.</u> at 191), but simply made its goods available to supermarkets at an attractive price.  Such action, the court concluded, "was not pressure on these third parties but legitimate persuasion and thus tortious interference with economic relations was not established." <u>Id.</u> at 192.[2]

The same logic applies here.  There are no allegations in the complaint that Securetec engaged in any conduct designed solely to cause harm to Plaintiff.  Nor are there any allegations to suggest that Securetec engaged in a crime or independent tort.  At the very most, the allegations in the complaint could imply that Securetec acted out of its own economic self-interest by "offering the GDR customer more desirable terms than those previously offered by GDR."  (Comp., ¶ 18).  Even if true, these allegations amount to the same type of "legitimate persuasion" that the <u>Carvel</u> court found did not satisfy the wrongful means test.  <u>Id.</u> at 192.  Accordingly, the allegations in the complaint do not satisfy the wrongful means test.

---

[2]   The Court of Appeals further explained that, in a situation like the one before it, the extent of competition allowed is something that should be addressed by the parties in their contract, "not by courts or juries seeking after the fact to devise a code of conduct." <u>Id.</u> at 193.   "The intervention of tort law to regulate when a franchisor may or may not compete with its franchisees is neither necessary nor useful." <u>Id.</u>   Since the conduct of the parties in this case was also governed by a contract, the case can only be resolved as a matter of contract law, not tort law.

Having failed to allege any conduct which could possibly amount to "wrongful means," Plaintiff's claim for tortious interference with prospective economic relations is deficient as a matter of law and should be dismissed. <u>Prestige Foods, Inc. v. Whale Securities Co., L.P.</u>, 243 A.D.2d 281, 282, 663 N.Y.S.2d 14, 14 (1st Dep't 1997) (dismissing claim for tortious interference based on lack of allegation that defendant's conduct was motivated solely by malice or to inflict injury by unlawful means); <u>New York Pepsi-Cola Dist. Assoc., Inc. v. Pepsico, Inc.</u>, 240 A.D.2d 315, 316, 659 N.Y.S.2d 441, 442 (1st Dep't 1997) (soft drink distributors' allegations failed to state interference claim absent allegations of culpable conduct).

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request an order dismissing Plaintiff's second, third, and fourth causes of action with prejudice, and awarding Defendant such other and further relief as the Court shall deem just and proper.

Dated: Albany, New York
　　　　July 3, 2008

WHITEMAN OSTERMAN & HANNA LLP

BY:　　/s/ William S. Nolan
　　　　_____
　　　　John J. Henry (JH-7137)
　　　　William S. Nolan (WN-8091)
　　　　Attorneys for Defendants
　　　　One Commerce Plaza
　　　　Albany, New York  12260
　　　　(518) 487-7600

W:\13700\13755\Plea\MOL 07.03.08.doc

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

GLOBAL DETECTION AND
REPORTING, INC.,                                    Civil Action No.:  08-CIV-5441
                                                    (GEL/FM)

                              Plaintiff,

        -against-


SECURETEC DETEKTIONS-
SYSTEME AG and SECURETEC
CONTRABAND DETECTION AND
IDENTIFICATION, INC.,

                              Defendants.

-------------------------------------------------------------X

<u>**CERTIFICATE OF SERVICE**</u>

        I hereby certify that on July 3, 2008, I electronically filed Defendants Notice of Motion to
Dismiss Pursuant to FED.R.CIV.P. 12(b)(6), Declaration in Support of Motion to Dismiss
Pursuant to FED. R.CIV.P. 12(b)(6) and Memorandum of Law in Support of Defendants'
Motion to Dismiss with the Clerk of the United States District Court for the Southern District of
New York using the CM/ECF system, which sent notification of such filing to the following:

                              Robert S. Bernstein, Esq.
                              McCARTER & ENGLISH, LLP
                              Attorneys for Plaintiff
                              245 Park Avenue
                              New York, New York  10167
                              (212) 609-6800


                              /s/ Carrie L. Lalyer
                              _____
                                      CARRIE L. LALYER