UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

GLOBAL DETECTION AND
REPORTING, INC.,                               Civil Action No.: 08-CIV-5441

               Plaintiff,        (GEL/FM)

-against-                                      **DECLARATION IN
                                               SUPPORT OF MOTION
                                               TO DISMISS PURSUANT
SECURETEC DETEKTIONS-                          TO FED.R.CIV.P. 12(b)(6)**
SYSTEME AG and SECURETEC
CONTRABAND DETECTION AND
IDENTIFICATION, INC.,

               Defendants.
------------------------------------------------------------X

      WILLIAM S. NOLAN, ESQ., declares the following to be true under penalties of perjury:

      1.    I am an attorney with Whiteman Osterman & Hanna LLP, counsel of record to Defendants in this action. I submit this declaration in support of Defendants' motion to dismiss the second, third, and fourth causes of action asserted in Plaintiff's complaint, with prejudice, pursuant to Fed.R.Civ.P. 12(b)(6).

      2.    Attached as <u>Exhibit A</u> is a copy of the complaint in this action, filed by Plaintiff on June 16, 2008. (Docket No. 1).

      3.    I hereby affirm under penalties of perjury that the foregoing is true and accurate.

                                           /s/ William S. Nolan
                                           _____
Dated: July 3, 2008                           WILLIAM S. NOLAN

# EXHIBIT A

JUDGE LYNCH

AO 440 (Rev. 04/08) Civil Summons

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| | |
|---|---|
| Global Detection and Reporting Inc. <br> Plaintiff <br> v. <br> Securetec Detektions - Systeme AG and Securetec Contraband Detection and Identification, Inc. <br> Defendant | ) ) ) ) ) )  Civil Action No. 08 CV 5441 |

**Summons in a Civil Action**

To: *(Defendant's name and address)*

Securetec Detektions-Systeme AG
StartPoint Technologie Park
Eugen-Sanger-Ring 1
D-85649, Brunnthal, Germany

Securetec Contraband Detection and Identification Inc.
460 Market Street #301
Williamsport, PA 17701

A lawsuit has been filed against you.

Within 20 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, whose name and address are:

McCarter & English, LLP
245 Park Avenue
New York, NY 10167

If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

J. MICHAEL McMAHON
Name of clerk of court

Date: JUN 1 6 2008

_____
Deputy clerk's signature

*(Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States allowed 60 days by Rule 12(a)(3).)*

AO 440 (Rev 04/08) Civil Summons (Page 2)

## Proof of Service

I declare under penalty of perjury that I served the summons and complaint in this case on _____,
by:

    (1) personally delivering a copy of each to the individual at this place, _____
_____; or

    (2) leaving a copy of each at the individual's dwelling or usual place of abode with _____
who resides there and is of suitable age and discretion; or

    (3) delivering a copy of each to an agent authorized by appointment or by law to receive it whose name is
_____; or

    (4) returning the summons unexecuted to the court clerk on _____; or

    (5) other *(specify)* _____
_____.

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

Date: _____

                                                        _____
                                                         Server's signature

                                                          _____
                                                          Printed name and title

                                                          _____
                                                          Server's address

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
GLOBAL DETECTION AND           :   Civil Action No.: 08-CIV-5441
REPORTING, INC.,               :   Judge Lynch
                               :
        Plaintiff,       :
                               :   **COMPLAINT AND**
  -against-                   :   **DEMAND FOR JURY TRIAL**
                               :
SECURETEC DETEKTIONS-          :
SYSTEME AG and SECURETEC       :
CONTRABAND DETECTION AND       :
IDENTIFICATION, INC.           :
        Defendants.      :
-------------------------------------------------------X

Plaintiff GLOBAL DETECTION AND REPORTING, INC. ("GDR"), by its attorneys McCarter & English, LLP, alleges as its Complaint against Defendants SECURETEC DETEKTIONS-SYSTEME AG and SECURETEC CONTRABAND DETECTION AND IDENTIFICATION, INC. (collectively "SECURETEC") as follows:

### Nature of this Action: Jurisdiction of the Court

1.    This is a civil action to remedy torts and breach of contract between citizens of different states where the amount in controversy exceeds the minimum jurisdictional requirements of this Court.

### Parties

2.    Plaintiff GDR is a Delaware corporation, having its principal place of business at 36 West 25th Street, 16th Floor, New York, New York 10010.

ME1 7452025v.1

3. GDR is engaged in the marketing, and exclusive North American and Caribbean distribution, of patented detection products (i.e., DRUGWIPE®) and related products which detect the presence of controlled substances.

4. Upon information and belief, Defendant SECURETEC DETEKTIONS-SYSTEME AG is a German corporation having a principal place of business at StartPoint Technologie Park, Eugen-Sanger-Ring 1, D-85649 Brunnthal, Germany.

5. Upon information and belief, Defendant SECURETEC CONTRABAND DETECTION AND IDENTIFICATION, INC., a subsidiary of SECURETEC DETEKTIONS-SYSTEME AG, is a Pennsylvania corporation with its principal place of business at 460 Market Street, #301, Williamsport, PA 17701.

6. Securetec is the owner of the patent(s) related to the DRUGWIPE® products and the sole source provider of the products at issue herein.

## Jurisdiction and Venue

7. Subject matter jurisdiction over this action is conferred upon this Court by 28 U.S.C. §1332, and jurisdiction supplemental thereto arises pursuant to 28 U.S.C. § 1367.

8. This Court has personal jurisdiction over the Defendants, and venue is properly laid in this district, pursuant to 28 U.S.C. §1391(b), in that, upon information and belief, Defendants are doing and transacting business within this judicial district, and have committed the acts complained of herein within this judicial district.

## Factual Background

9. Prior to and through May 2007, Securetec sought assistance in expanding its sales of patented surface detection products in the North American and Caribbean markets.

10. To that end, SECURETEC DETEKTIONS-SYSTEME AG, on its own behalf and on behalf of its subsidiary SECURETEC CONTRABAND DETECTION AND IDENTIFICATION, INC., entered into a distribution agreement dated May 31, 2007 (the "Distribution Agreement"), with GDR.

11. The Distribution Agreement expressly appoints GDR as Securetec's distributor for the marketing and sale of certain Securetec Products (the "Securetec Products") in the North American and Caribbean workplace, school, consumer direct and retail markets.

12. Additionally, the Distribution Agreement provides that, through at least June 30, 2008, GDR is to be Securetec's sole and exclusive distributor for the Securetec Products in the North American and Caribbean markets described. The Distribution Agreement also contemplates the extension of the sole and exclusive sales rights beyond June 30, 2008, provided the GDR either makes a market exclusivity payment on or before that date, or facilitates a defined stock buy-back or stock purchase from Securetec by June 30, 2008.

13. Significantly, the Distribution Agreement provides that, with the exception of concluding certain identified and preexisting contracts, "Securetec will not deal or negotiate directly with any customers in the Markets in the Territory [North America and the Caribbean] and Securetec will refer all orders received from such customers to GDR".

14. At all times relevant hereto, GDR acted in good faith, fulfilled its obligations pursuant to the Distribution Agreement, and utilized its best efforts to expand the sales and distribution of the Securetec Products in the North American and Caribbean markets, and to provide additional services related to contraband detection and to expand the markets to which the Securetec Products are sold.

15. In particular, by August 2007, GDR developed a relationship with a new customer (the "GDR Customer"), previously unfamiliar with Securetec, to whom GDR introduced the Securetec Products, and with whom GDR discussed the material terms of sales of the Securetec Products in six states in North America, and the wider distribution and sales of the Securetec Products in North America by a national drug store chain.

16. During the course of its discussions with the GDR Customer, GDR shared with Securetec the confidential details of its negotiations with the GDR Customer, including, but not limited to pricing information and profitability projections (the "Confidential Information").

17. Thereafter, in direct contravention of the explicit and unambiguous terms of the Distribution Agreement, Securetec, to the exclusion of GDR, met and privately negotiated with the GDR Customer for sales of the Securetec Products.

18. During the aforementioned negotiations, Securetec entered into direct and unfair competition with GDR by utilizing the Confidential Information and, *inter alia*, offering the GDR Customer more desirable terms than those previously offered by GDR.

19. After, and as a direct result of, Securetec's direct negations with the GDR Customer, Securetec usurped GDR's rights pursuant to the Distribution Agreement and deprived GDR of the benefits of the Distribution Agreement and its negotiations with the GDR customer.

## FIRST COUNT
### (Breach of Contract)

20. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

21. At all times relevant hereto, the Distribution Agreement was in full force and effect.

22. At all times relevant hereto, GDR fulfilled its obligations under the Distribution Agreement.

23. Securetec breached the terms of the Distribution Agreement by, among other things, dealing directly with the GDR Customer and competing directly with GDR in the markets and territory granted to GDR by the Distribution Agreement.

24. As a result of the foregoing, GDR has been damaged in an amount to be determined at trial, but in no event less than Two Million Five Hundred Thousand Dollars ($2,500,000.00).

## SECOND COUNT
### (Breach of Implied Covenant)

25. GDR repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

26. GDR's relationship with Securetec and, in particular, the Distribution Agreement created an implied covenant of good faith and fair dealing between GDR and Securetec.

27. Securetec breached this implied covenant by competing unfairly with GDR in a market and with a customer that Securetec had expressly granted GDR exclusive rights to.

28. Securetec's conduct in this regard damaged GDR's business, reputation and relationship with the GDR Customer.

29. As a result of the foregoing, GDR has been damaged in an amount to be determined at trial, but in no event less than Two Million Five Hundred Thousand Dollars ($2,500,000.00).

## THIRD COUNT
### (Unfair Competition)

30. GDR repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

31. Based on the facts alleged in this Complaint, Securetec acted in bad faith to misappropriate the skill, expenditures, and labor of GDR.

32. Pursuant to the terms of the Distribution Agreement, the North American market, and the customers developed by GDR for the Securetec Products belonged exclusively to GDR.

33. Securetec's direct contact with the GDR Customer, and use of the Confidential Information usurped GDR's exclusive relationship with the GDR Customer.

ME1 7452025v.1

34. As a result of the foregoing, GDR has been damaged in an amount to be determined at trial, but in no event less than Two Million Five Hundred Thousand Dollars ($2,500,000.00).

### FOURTH COUNT
(Tortious Interference with Prospective Economic Advantage)

35. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

36. GDR established business relations with the GDR Customer.

37. Securetec interfered with GDR's business relations with the GDR Customer by, *inter alia*, negotiating with the GDR Customer in secret and to the exclusion of GDR, and, thereby, usurping GDR's relationship with the GDR Customer.

38. Securetec utilized confidential and proprietary information obtained from GDR to interfere with GDR's business relationship with the GDR Customer.

39. As a result of Securetec's intentional interference with GDR's relationship with the GDR Customer, GDR's relationship with that customer was damaged.

40. As a result of the foregoing, GDR has been damaged in an amount to be determined at trial, but in no event less than Two Million Five Hundred Thousand Dollars ($2,500,000.00).

WHEREFORE, Plaintiff GLOBAL DETECTION AND REPORTING, INC., prays that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief including, but not limited to, the following:

A. Entering a permanent injunction enjoining Securetec, its respective officers, directors, employees, agents, subsidiaries, affiliates, distributors, dealers, and all persons in active concert or participation with Securetec from selling or distributing the Securetec Products in the North American and Caribbean workplace, school, consumer direct and retail markets for a period of not less than one year, and thereafter to the extent that GDR continues to abide by the terms of the Distribution Agreement, and from otherwise unfairly competing with GDR, misappropriating that which rightfully belongs to GDR, or usurping opportunities and markets developed by GDR;

B. Requiring that Securetec direct any workplace, school, consumer direct and retail market customers in North America or the Caribbean who are interested in the Securetec Products to GDR,

C. Securetec be ordered to file with the Court and serve on counsel for GDR within thirty (30) days after judgment, a report in writing and under oath, setting forth in detail the manner and form in which Securetec has complied with the Order.

D. Requiring Securetec to account to GDR for Securetec's profits, reimburse GDR for actual damages suffered by GDR as a result of Securetec's breach of contract, unfair trade practices, and misappropriation.

E. That Securetec be required to pay to Plaintiff all of its litigation expenses including the costs of this action and reasonable attorneys fees.

F. Such other relief as may be appropriate in equity and good conscience.

## JURY DEMAND

GDR hereby demands a jury trial on all issues so triable.

Dated: New York, New York
       June 16, 2008

                                        McCARTER & ENGLISH, LLP

                                        By: /s/ Robert S. Bernstein
                                            Robert S. Bernstein (RB-1509)
                                            A Member of the Firm
                                        Attorneys for Plaintiff Global Detection and
                                        Reporting, Inc.
                                        245 Park Avenue
                                        New York, New York 10167
                                        (212) 609-6800