UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

GLOBAL DETECTION AND
REPORTING, INC.,                                     Civil Action No.:  08-CIV-5441

                          Plaintiff,                      (GEL/FM)

          -against-


SECURETEC DETEKTIONS-
SYSTEME AG and SECURETEC
CONTRABAND DETECTION AND
IDENTIFICATION, INC.,

                          Defendants.
------------------------------------------------------------X


**MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANTS' MOTION TO DISMISS**


                    WHITEMAN OSTERMAN & HANNA LLP
                    Attorneys for Defendants
                    One Commerce Plaza
                    Albany, New York  12260
                    (518) 487-7600


John J. Henry, Esq.
William S. Nolan, Esq.
*Of Counsel*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

STATEMENT OF FACTS ...................................................................................................... 3

ARGUMENT ......................................................................................................................... 4

POINT I     THE COMPLAINT DOES NOT STATE A CLAIM FOR BREACH  OF
            THE COVENANT OF GOOD FAITH AND FAIR DEALING ............................ 4

POINT II    THE COMPLAINT DOES NOT STATE A CLAIM FOR UNFAIR
            COMPETITION ...................................................................................... 6

            A.     The Claim is Duplicative of the Breach of Contract Claim ...................... 6

            B.     The Claim Does Not Include Any Allegation of Consumer
                   Confusion ..................................................................................... 7

            C.     The Claim Does Not Allege That Securetec Acted in Bad Faith ............. 10

POINT III   THE COMPLAINT DOES NOT STATE A CLAIM FOR TORTIOUS
            INTERFERENCE WITH BUSINESS PROSPECTS ........................................... 11

            A.     The Complaint Does Not Sufficiently Allege Causation .......................... 12

            B.     The Complaint Does Not Allege that Securetec Acted with
                   Wrongful Means. ........................................................................... 13

CONCLUSION ..................................................................................................................... 15

# <u>TABLE OF AUTHORITIES</u>

**Federal Cases**

<u>Advanced Marine Tech., Inc. v. Burnham Sec., Inc.</u>, 16 F.Supp.2d 375 (S.D.N.Y. 2006).... 12, 13

<u>Am. Footwear Corp. v. Gen. Footwear Co.</u>, 609 F.2d 655 (2d Cir. 1979) ..................................... 9

<u>Astor Holdings, Inc. v. Roski</u>, No. 01-CV-1905 (GEL), 2002 WL 1058057
    (S.D.N.Y. 2002) ....................................................................................................... 11, 12

<u>Best Cellars, Inc. v. Wine Made Simple, Inc.</u>, 320 F.Supp.2d 60 (S.D.N.Y. 2003)...................... 7

<u>Bio-Tech. Gen. Corp. v. Genentech, Inc.</u>, 886 F.Supp. 377 (S.D.N.Y. 1995)............................... 9

<u>Cohen v. Elephant Wireless, Inc.</u>, No. 03-CV-1058 (CBM), 2004 WL 1872421
    (S.D.N.Y. Aug. 19, 2004) ................................................................................................ 4

<u>Demalco Ltd. v. Feltner</u>, 588 F.Supp. 1277 (S.D.N.Y. 1984) ...................................................... 12

<u>Empresa Cubana del Tabaco v. Culbro Corp.</u>, 399 F.3d 462 (2d Cir. 2005)............................... 10

<u>Genal Strap, Inc. v. Irit Dar</u>, No. 04-CV-1691 (CJ), 2005 WL 525547 (E.D.N.Y. 2005)............ 11

<u>Gidatex, S.R.L. v. Campaniello Imp., Ltd.</u>, 13 F.Supp.2d 420 (S.D.N.Y. 1998) .......................... 9

<u>Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc.</u>, 58 F.3d 27 (2d Cir. 1995) ........................... 7

<u>Kamfar v. New World Rest. Group, Inc.</u>, 347 F.Supp.2d 38 (S.D.N.Y. 2004) ............................. 4

<u>Kramer v. Pollock-Krasner Found.</u>, 890 F.Supp. 250 (S.D.N.Y. 1995).................................. 11, 12

<u>McDonald's Corp. v. McBagel's Inc.</u>, 649 F.Supp. 1268 (S.D.N.Y. 1986) .................................. 7

<u>Merrill Lynch Futures, Inc. v. Miller</u>, 686 F.Supp. 1033 (S.D.N.Y. 1988).................................. 12

<u>Milton Abeles, Inc. v. Creekstone Farms Premium Beef, LLC</u>, No. 06-CV-3893
    (JFB)(AKT), 2007 WL 1434990 (E.D.N.Y. May 14, 2007) ................................................ 8, 9

<u>Nat'l Westminster Bank PLC v. Grant Prideco, Inc.</u>, 261 F.Supp.2d 265
    (S.D.N.Y.  2003) ............................................................................................................. 5

<u>Orange County Choppers, Inc. v. Olaes Enter., Inc.</u>, 497 F.Supp.2d 541
    (S.D.N.Y. 2007) ........................................................................................................... 6, 7

Paper Corp. of United States v. Schoeller Technical Papers, Inc., 759 F.Supp. 1039
    (S.D.N.Y. 1991) ............................................................................................... 7, 8, 10

Riddell Sports, Inc. v. Brooks, 872 F.Supp. 73 (S.D.N.Y. 1995) .................................. 12

Special Event Ent't v. Rockefeller Cr., Inc., 458 F.Supp. 72 (S.D.N.Y. 1978)............. 12

VTR, Inc. v. Goodyear Tire & Rubber Co., 303 F.Supp. 773 (S.D.N.Y. 1969) ............ 4

Zikakis v. Staubach Retail Service, Inc., No. 04-CIV-9609 (NRB), 2005 WL 2347852
    (E.D.N.Y. Sept. 26, 2005)......................................................................................... 11

### State Cases

BGW Dev. Corp. v. Mount Kisco Lodge No. 1552 of the Benevolent and Protective
    Order of Elks of the United States of Am., Inc., 247 A.D.2d 565,
    669 N.Y.S.2d 56 (2d Dep't 1998)............................................................................. 13

Bus. Networks of N.Y., Inc. v. Complete Network Solutions Inc., 265 A.D.2d 194,
    696 N.Y.S.2d 433 (1st Dep't 1999) ........................................................................... 4

Calip Dairies, Inc. v. Penn Station News Corp., 262 A.D.2d 193, 695 N.Y.S.2d 70
    (1st Dep't 1999) .......................................................................................................... 8

Carvel Corp. v. Noonan, 3 N.Y.3d 182, 190, 785 N.Y.S.2d 359 (2004)................................ 13, 14

Cerberus Intern., Ltd. v. Bactec, Inc., 16 A.D.3d 126, 791 N.Y.S.2d 28 (1st Dep't 2005)............ 4

Clark Fitzpatrick v. Long Island R.R. Co., 70 N.Y.2d 382, 521 N.Y.S.2d 653 (1987).................. 6

Empire State Bldg. Assoc. v. Trump, 247 A.D.2d 214, 669 N.Y.S.2d 205 (1st Dep't 1998) ........ 5

Ent't Partners Group, Inc. v. Davis, 198 A.D.2d 63, 603 N.Y.S.2d 439 (1st Dep't 1993) ........... 13

Gertler v. Goodgold, 107 A.D.2d 481, 487 N.Y.S.2d 565 (1st Dep't 1985) ................................ 12

Guard-Life Corp. v. S. Parker Hardware Mfg. Corp., 50 N.Y.2d 183,
    428 N.Y.S.2d 628 (1980) ................................................................................. 11, 13

Iannarelli v. Carvel Stores of New York, Inc., 18 Misc.2d 930, 187 N.Y.S.2d 628
    (Sup. Ct., Queens County 1959) ................................................................................ 8

Jacobs v. Continuum Health Partners, Inc., 7 A.D.3d 312, 776 N.Y.S.2d 279
    (1st Dep't 2004) ......................................................................................................... 12

NBT Bancorp v. Fleet/Norstar Fin. Group, Inc., 87 N.Y.2d 614, 641 N.Y.S.2d 581 (1996)....... 11

New York Pepsi-Cola Dist. Assoc., Inc. v. Pepsico, Inc., 240 A.D.2d 315, 659 N.Y.S.2d 441
   (1st Dep't 1997) ....................................................................................................................... 15

Prestige Foods, Inc. v. Whale Securities Co., L.P., 243 A.D.2d 281, 663 N.Y.S.2d 14
   (1st Dep't 1997) ....................................................................................................................... 15

Williams & Co. v. Collins, Tuttle & Co., 6 A.D.2d 302, 176 N.Y.S.2d 99 (1st Dep't 1958)...... 12

## PRELIMINARY STATEMENT

Defendants Securetec Detektions-Systeme AG and Securetec Contraband Detection and Identification, Inc. (together "Securetec"), submit this memorandum of law in support of their motion to dismiss Plaintiff's second, third, and fourth causes of action pursuant to Fed.R.Civ.P. 12(b)(6).

In this action, Plaintiff Global Detection and Reporting, Inc. ("Plaintiff" or "GDR") broadly alleges that Securetec acted in violation of GDR's exclusive right to market Securetec products under a distribution agreement entered into by the parties in May 2007. Plaintiff claims to have found and cultivated a customer of Securetec products pursuant to that agreement, and alleges that Securetec violated the agreement by meeting privately and entering into sales negotiations with the customer. In addition to a claim for breach of contract, Plaintiff has asserted claims for breach of the covenant of good faith and fair dealing, common law unfair competition, and tortious interference with prospective economic relations.

All of Plaintiff's non-breach of contract claims should be dismissed. The breach of the covenant of good faith and fair dealing claim merely duplicates Plaintiff's breach of contract allegations and does not state a separate cause of action. While New York law recognizes an implied obligation of good faith in all contracts, it does not recognize a claim for breach of that obligation if the conduct at issue is addressed by express provisions of the contract. Since Plaintiff is relying solely on the express terms of the parties' agreement to assert its rights here, its claim for breach of the duty of good faith and fair dealing must be dismissed as redundant.

The unfair competition claim is also duplicative of Plaintiff's breach of contract claim, as it is based solely on Plaintiff's alleged contractual rights. New York law does not permit a

plaintiff to cast its claim as a tort when the claim is based solely on a contractual duty. In this case, Plaintiff is relying solely on its alleged exclusivity rights under the parties' distribution agreement to support its claim for unfair competition. This court has struck down similar attempts in the past. Even if Plaintiff could sue for unfair competition, the allegations in the complaint do not state a valid cause of action. The complaint does not allege two essential elements of a cause of action for unfair competition under New York law – a likelihood of confusion as to the origin of a product, and bad faith on the part of Securetec. Accordingly, the complaint should be dismissed as both duplicative of Plaintiff's breach of contract claim and as defectively pleaded.

Finally, Plaintiff's claim for tortious interference is deficient on its face. Plaintiff has not alleged the element of causation – that it would have received a contract from the customer that it allegedly cultivated "but for" Securetec's actions. Plaintiff has merely claimed that Securetec's actions damaged its relationship with the customer, which is simply not enough to sustain a claim for tortious interference with prospective business relations. Plaintiff has also failed to allege that Securetec acted with wrongful means, i.e., conduct which amounts to a crime or an independent tort, or conduct designed solely to inflict harm on the plaintiff. At best, Plaintiff has alleged that Securetec acted out of economic self-interest, which does not amount to wrongful means under New York law.

Therefore, as demonstrated in more detail below, Plaintiff's second, third, and fourth causes of action should be dismissed.

## STATEMENT OF FACTS

According to the complaint, Plaintiff and Securetec entered into a distribution agreement in May 2007.  (Comp. ¶ 10).  Plaintiff alleges that the agreement gave it the exclusive right to distribute, market, and sell Securetec products in certain North American and Caribbean markets through at least June 30, 2008.  (Comp., ¶¶ 11-12).  Securetec allegedly agreed not to "deal or negotiate directly with any customers" in these markets on its own, and would "refer all orders received from such customers to GDR."  (Comp., ¶ 13).

Plaintiff claims that by August 2007, it had found an unspecified new customer with whom it developed a relationship and discussed sales of Securetec products in North America.  (Comp., ¶ 15).  According to the complaint, Plaintiff shared with Securetec the details of its negotiations with the customer, which included pricing information and profitability projections.  (Comp., ¶ 16).  Securetec then allegedly met with the customer privately to negotiate sales of its products, offering it more desirable terms than those offered by Plaintiff.  (Comp., ¶ 17).  The complaint does not state whether any orders were taken or sales were consummated.

Plaintiff claims that by meeting with the customer it had identified, Securetec violated its rights under the Distribution Agreement. (Comp., ¶ 18-19). Plaintiff has sued Securetec for breach of contract, breach of the implied covenant of good faith and fair dealing, unfair competition, and tortious interference with prospective economic relations. (Comp., ¶ 20-40). Plaintiff is seeking damages in the amount of $2,500,000.00 per cause of action, as well various forms of injunctive relief.   Securetec now moves to dismiss Plaintiff's second, third, and fourth causes of action.

**ARGUMENT**

**POINT I**

**THE COMPLAINT DOES NOT STATE A CLAIM FOR BREACH
OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**

In its second cause of action, Plaintiff claims Securetec breached the implied covenant of good faith and fair dealing included in the parties' contract when it allegedly met with the customer that Plaintiff had identified. (Comp., ¶¶ 25-29).  This claim should be dismissed because it is based on the same allegations as Plaintiff's first cause of action for breach of contract.  (Comp., ¶¶ 20-24).

While New York law recognizes an implied obligation of good faith in all contracts, it does not recognize a claim for breach of that obligation if the conduct at issue is addressed by express provisions of the contract.  VTR, Inc. v. Goodyear Tire & Rubber Co., 303 F.Supp. 773, 778 (S.D.N.Y. 1969) ("The rule, that where the instrument contains an express covenant in regard to any subject, no covenants are to be implied in respect to the same subject, is too familiar to require more than its statement") (citations omitted).   A claim of breach of the duty of good faith and fair dealing "will be dismissed as redundant where the conduct allegedly violating the implied covenant is a predicate also for a claim for breach of an express provision of the contract." Kamfar v. New World Rest. Group, Inc., 347 F.Supp.2d 38, 52 (S.D.N.Y. 2004) (citations and internal quotations omitted); see also Cohen v. Elephant Wireless, Inc., No. 03-CV-1058 (CBM), 2004 WL 1872421, at *11 (S.D.N.Y. Aug. 19, 2004) (dismissing claim for breach of covenant of good faith and fair dealing as duplicative of contract claim); Cerberus Intern., Ltd. v. Bactec, Inc., 16 A.D.3d 126, 127, 791 N.Y.S.2d 28, 30 (1st Dep't 2005) (same); Bus. Networks of N.Y., Inc. v. Complete Network Solutions Inc., 265 A.D.2d 194, 195, 696

4

N.Y.S.2d 433, 435 (1st Dep't 1999) (same); Empire State Bldg. Assoc. v. Trump, 247 A.D.2d 214, 214, 669 N.Y.S.2d 205, 205 (1st Dep't 1998) (same).

Plaintiff's complaint specifically states that Securetec's alleged actions were "in direct contravention of the *explicit and unambiguous terms* of the Distribution Agreement" (Comp. ¶ 17 [emphasis added]) and that Securetec "breached the terms of the Distribution Agreement by . . . dealing directly with the GDR Customer and competing directly with GDR in the markets and territory granted to GDR by the Distribution Agreement." (Comp., ¶ 23).  Thus, according to the complaint, Securetec's conduct was addressed by the express terms of the parties' agreement rather than by any covenant implied in that agreement.  Under these circumstances, Plaintiff's claim for breach of the covenant of good faith and fair dealing should be dismissed.  Nat'l Westminster Bank PLC v. Grant Prideco, Inc., 261 F.Supp.2d 265, 275 (S.D.N.Y. 2003) (dismissing claim for breach of covenant of good faith and fair dealing where allegations supporting it were "no different from the allegations of breach of express terms covered by other parts of the complaint").

## POINT II

## THE COMPLAINT DOES NOT STATE
## A CLAIM FOR UNFAIR COMPETITION

The third claim included in the complaint is a New York common law claim for unfair competition.  (Comp., ¶ 30-34).  As demonstrated below, this claim should be dismissed because it is duplicative of Plaintiff's breach of contract claim and is insufficiently pleaded.

### A.    The Claim is Duplicative of the Breach of Contract Claim.

Plaintiff's unfair competition claim fails for the same reason that its claim for breach of the covenant of good faith and fair dealing fails – it duplicates Plaintiff's breach of contract cause of action.  A "simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated."  Clark Fitzpatrick v. Long Island R.R. Co., 70 N.Y.2d 382, 389, 521 N.Y.S.2d 653, 656 (1987).  A tort claim is barred as redundant where, as here, it simply restates the obligations asserted in a cause of action for breach of contract.  Id. at 390, 521 N.Y.S.2d at 194.

 In Orange County Choppers, Inc. v. Olaes Enter., Inc., 497 F.Supp.2d 541, 556-57, 558 (S.D.N.Y. 2007), for example, the plaintiff alleged that it had an exclusive license to manufacture and sell the defendant's products, and that the defendant had granted other entities that same right in violation of the parties' agreement.  This Court dismissed the plaintiff's unfair competition claim as duplicative of its breach of contract claim:

> ODM has not alleged that OCC violated a legal duty independent of the contract and, in fact, has once again alleged a breach of the express provision of the Agreement to make out its claim. Obviously, ODM's right to exclusive use of the OCC Property to manufacture and sell Licensed Products is solely grounded in the Agreement and does not spring from any independent legal duty such as a fiduciary relationship . . . Accordingly, OCC's motion to

dismiss Count Nine of ODM's Counterclaims for unfair competition is granted.

Id. at 558.

The same result should be reached in this case. Plaintiff claims that the parties' agreement – not any independent source – gave it the exclusive right to deal with customers in the North American market (Comp., ¶ 32), and that Securetec violated that contractual right by contacting its customer. (Comp., ¶ 33). Because Plaintiff has not alleged that Securetec had any duty independent of the parties' contract to refrain from contacting its customer, the claim for unfair competition is, as alleged, based on the parties' contract. It should therefore be dismissed as duplicative of Plaintiff's breach of contract claim.

## B.    The Claim Does Not Include Any Allegation of Consumer Confusion.

Plaintiff's claim for unfair competition is also insufficiently pleaded. Under New York law, a common law claim for unfair competition rests on "the bad faith misappropriation of the labors and expenditures of another, likely to cause confusion or to deceive purchasers as to the origin of the goods." Best Cellars, Inc. v. Wine Made Simple, Inc., 320 F.Supp.2d 60, 83 (S.D.N.Y. 2003) (Lynch, J.) (internal quotations omitted), (citing Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc., 58 F.3d 27, 34 (2d Cir. 1995)). Thus, a plaintiff must allege not only a bad faith misappropriation on the part of the defendant, but it must also allege a likelihood of consumer confusion in distinguishing between the defendant's and plaintiff's products. McDonald's Corp. v. McBagel's Inc., 649 F.Supp. 1268, 1280 (S.D.N.Y. 1986) (citations omitted) (The "single most important element of a state law unfair competition action is a showing that the defendant's conduct will result in consumers confusing the source of defendant's products"); Paper Corp. of United States v. Schoeller Technical Papers, Inc., 759 F.Supp. 1039, 1046 (S.D.N.Y. 1991) (likelihood of confusion between plaintiff's and

7

defendant's products is necessary element of any common law unfair competition claim).[1] Absent such an allegation of consumer confusion, the complaint does not state a claim for unfair competition. Paper Corp., 759 F.Supp. at 1046 (denying motion to amend complaint to add unfair competition claim where proposed amended complaint did not include any allegation regarding the likelihood of confusion between the plaintiff's and defendants' products).

In Milton Abeles, Inc. v. Creekstone Farms Premium Beef, LLC, No. 06-CV-3893 (JFB)(AKT), 2007 WL 1434990 at *1 (E.D.N.Y. May 14, 2007), the plaintiff and defendant allegedly entered into an agreement under which the plaintiff agreed to expend time, money and effort to promote the defendants' meat products, and to serve as the exclusive source of those products to the defendant's customers. In return for the plaintiff's body of contacts, skill, and knowledge as a distributor of meat products, the plaintiff would take the profit arising from the sale of the defendant's products to third parties. Id. During the course of this agreement, the plaintiff developed a relationship with a particular customer, Wild by Nature, from whom it solicited orders. After the defendant began failing to fulfill the orders Wild by Nature had made through the plaintiff, the plaintiff learned that the defendant had been selling its products to Wild by Nature through another distributor, in alleged violation of the parties' agreement. Id. at * 2. The plaintiff then sued the defendant under a number of theories, including common law unfair competition.

---

[1] This liability structure cannot be readily applied to the business relationship at issue, as a manufacturer and a distributor of the same product are not typical competitors. See, e.g., Iannarelli v. Carvel Stores of New York, Inc., 18 Misc.2d 930, 934, 187 N.Y.S.2d 628, 633 (Sup. Ct., Queens County 1959) (doctrine of unfair competition could not be applied to manufacturer-distributor relationship – "plaintiff is a distributor of the defendants products; not a competitor"); see also, Calip Dairies, Inc. v. Penn Station News Corp., 262 A.D.2d 193, 194, 695 N.Y.S.2d 70, 71 (1st Dep't 1999) (dismissing unfair competition claim because the plaintiff-distributor and defendant-retailer were not in competition).

The <u>Milton Abeles</u> court dismissed Plaintiff's unfair competition claim because the complaint failed to allege "that the defendant's conduct was likely to cause confusion or to deceive purchasers as to the origin of its goods." <u>Id.</u> at * 9. It was not sufficient to simply allege that the defendant had unfairly "taken advantage" of the plaintiff's efforts to promote the defendant's meat products and to cultivate new customers by using other distributors to sell to those customers after they had been discovered and cultivated by the plaintiff. The court noted that "such a protectionist application of the law" has been consistently rejected by the judiciary in favor of a rule which allows a business to capitalize on a market created by another so long as it does not do so by "confusing the public into mistakenly purchasing the product in the belief that the product is the product of the competitor." <u>Id.</u> (internal quotations omitted) (<u>quoting Gidatex, S.R.L. v. Campaniello Imp., Ltd.,</u> 13 F.Supp.2d 420, 429 (S.D.N.Y. 1998), (<u>in turn quoting Am. Footwear Corp. v. Gen. Footwear Co.,</u> 609 F.2d 655, 662 (2d Cir. 1979))).

The same principles apply in this case. Plaintiff has alleged, at most, that Securetec took advantage of its work in cultivating a single customer when Securetec contacted that customer on its own. There is no allegation that Securetec's actions confused the public – or even that single customer – into mistakenly purchasing its products in the belief that that the product originated with Plaintiff. In fact, there is no allegation in the complaint that the customer allegedly cultivated by Plaintiff ever purchased *any* product directly from Securetec. The complaint merely makes reference to alleged negotiations between Securetec and the customer. These allegations are simply insufficient to state a claim for unfair competition. As a result, Plaintiff's third cause of action should be dismissed. <u>Bio-Tech. Gen. Corp. v. Genentech, Inc.,</u> 886 F.Supp. 377, 384 (S.D.N.Y. 1995) (dismissing claim for common law unfair competition because

plaintiff did not allege conduct deceiving the public into believing that the business name, reputation or good will of one person was that of another).

### C. The Claim Does Not Allege That Securetec Acted in Bad Faith.

Plaintiff has also failed to allege the necessary element of bad faith. Bad faith is an essential element of claim for unfair competition under New York law. Empresa Cubana del Tabaco v. Culbro Corp., 399 F.3d 462, 485 (2d Cir. 2005). There are generally three categories of bad faith that will support a claim for unfair competition: (1) passing off one's goods as those of another, (2) engaging in activities solely to destroy a rival, and (3) using methods which are independently illegal. Paper Corp. of United States v. Schoeller Technical Papers, Inc., 759 F.Supp. 1039, 1046 (S.D.N.Y. 1991). The conduct which Securetec has been accused of here does not fall under any of these categories. The complaint does not include allegations of passing off or activities designed solely to destroy Plaintiff, thus the first two categories do not apply. There are also no allegations in the complaint which fall into the third category – using methods which are independently illegal. As demonstrated above, Plaintiff has merely accused Securetec of violating the alleged exclusivity provisions in the parties' contract, and a mere breach of contract does not amount to an independently illegal act. Id. (allegations of fraud and breach of contract did not amount to allegations of independently illegal activity so as to support unfair competition claim).

## POINT III

## THE COMPLAINT DOES NOT STATE A CLAIM FOR
## TORTIOUS INTERFERENCE WITH BUSINESS PROSPECTS

Plaintiff's fourth cause of action is for tortious interference with prospective economic relations, or "business prospects." (Comp., ¶¶ 35-40). Plaintiff claims that it established business relations with a customer, and that Securetec interfered with those relations by negotiating with that customer privately, to Plaintiff's exclusion, causing unspecified damages. (Comp., ¶¶ 36-39). These allegations cannot survive Securetec's motion to dismiss because, as demonstrated below, they do not sufficiently plead the elements of causation or "wrongful means."

To state claim for tortious interference with business prospects, a plaintiff must satisfy "an extremely high pleading standard." Genal Strap, Inc. v. Irit Dar, No. 04-CV-1691 (CJ), 2005 WL 525547, at *3 (E.D.N.Y. 2005) (quoting Astor Holdings, Inc. v. Roski, No. 01-CV-1905 (GEL), 2002 WL 1058057, at *19 (S.D.N.Y. 2002) (Lynch, J)); see also, Kramer v. Pollock-Krasner Found., 890 F.Supp. 250, 258 (S.D.N.Y. 1995) (noting that the claim is "very difficult to sustain"). The complaint must set forth allegations that: (1) the defendant intentionally interfered with a proposed contract between the plaintiff and a third-party, (2) but for the defendant's interference, the contract would have been executed, (3) the defendant's interference was done by wrongful means, and (4) the plaintiff suffered damages as a result. Zikakis v. Staubach Retail Service, Inc., No. 04-CIV-9609 (NRB), 2005 WL 2347852 (E.D.N.Y. Sept. 26, 2005); see also, NBT Bancorp v. Fleet/Norstar Fin. Group, Inc., 87 N.Y.2d 614, 641 N.Y.S.2d 581 (1996); Guard-Life Corp. v. S. Parker Hardware Mfg. Corp., 50 N.Y.2d 183, 428 N.Y.S.2d 628 (1980). Further, the complaint "must have some factual specificity to state a claim for

11

tortious interference; conclusory assertions are not sufficient." Astor Holdings, 2002 WL 1058057, at *16; see also Gertler v. Goodgold, 107 A.D.2d 481, 490, 487 N.Y.S.2d 565, 572 (1st Dep't 1985) ("conclusory allegations, such as those under review, that a defendant maliciously and deceitfully interfered with the consummation of a contract, are clearly insufficient"); Jacobs v. Continuum Health Partners, Inc., 7 A.D.3d 312, 313, 776 N.Y.S.2d  279, 280-81 (1st Dep't 2004) (dismissing tortious interference claim where complaint failed to plead sufficient nonconclusory allegations).  In this case, Plaintiff has not alleged all of the essential elements of an interference claim, let alone with any specificity.

### A.    The Complaint Does Not Sufficiently Allege Causation.

The complaint does not allege the "but for causation" element of an interference claim. Plaintiff must allege that it would have received a contract with a third-party but for Securetec's actions.  Advanced Marine Tech., Inc. v. Burnham Sec., Inc., 16 F.Supp.2d 375, 385-86 (S.D.N.Y. 2006); Kramer v. Pollock-Krasner Found., 890 F.Supp. 250, 258 (S.D.N.Y. 1995); Riddell Sports, Inc. v. Brooks, 872 F.Supp. 73, 78 (S.D.N.Y. 1995) ("[A] plaintiff must allege that, but for defendant's conduct, his prospective business relations would have coalesced into an actual contract"); Merrill Lynch Futures, Inc. v. Miller, 686 F.Supp. 1033, 1040 (S.D.N.Y. 1988) ("A plaintiff must plead and prove that 'but for the unlawful actions of defendant, the contract would have been performed.'"), (quoting Demalco Ltd. v. Feltner, 588 F.Supp. 1277, 1280 (S.D.N.Y. 1984)); Special Event Ent't v. Rockefeller Cr., Inc., 458 F.Supp. 72, 78 (S.D.N.Y. 1978) (same); Williams & Co. v. Collins, Tuttle & Co., 6 A.D.2d 302, 304, 176 N.Y.S.2d 99, 101 (1st Dep't 1958) ("Plaintiff must allege at least that it would have received the contract.").

Nowhere in Plaintiff's complaint is there any allegation GDR would have received a contract but for Securetec's actions.  The complaint states only that Securetec's actions

"damaged GDR's business, reputation and relationship with the GDR customer" (Comp. ¶ 39), implying that Plaintiff still has a relationship with that customer.   Since there is no allegation that GDR would have entered a contract with the customer absent Securetec's alleged interference, Plaintiff has not stated a claim.   Advanced Marine Tech., 16 F.Supp.2d at 386 (S.D.N.Y. 2006) (dismissing interference claim where plaintiff did not demonstrate that the defendant intentionally caused the third party not to enter into a contractual relationship with the plaintiff).

### B.    The Complaint Does Not Allege that Securetec Acted with Wrongful Means.

There is simply no allegation in the complaint that Securetec acted with wrongful means, a prerequisite to any claim for interference with prospective business relations.  Ent't Partners Group, Inc. v. Davis, 198 A.D.2d 63, 64, 603 N.Y.S.2d 439, 440 (1st Dep't 1993) (noting that such a claim "does not lie absent an allegation that the action complained of was motivated solely by malice or to inflict injury by unlawful means rather than by self-interest or other economic considerations.").  To satisfy the wrongful means test, the plaintiff must allege conduct which amounts to a crime or an independent tort, or conduct designed solely to inflict harm on the plaintiff (Carvel Corp. v. Noonan, 3 N.Y.3d 182, 190, 191, 785 N.Y.S.2d 359, 363 [2004]), such as "physical violence, fraud or misrepresentation, civil suits and criminal prosecutions, and some degrees of economic pressure."  Guard-Life, 50 N.Y.2d at 191, 428 N.Y.S.2d at 632; BGW Dev. Corp. v. Mount Kisco Lodge No. 1552 of the Benevolent and Protective Order of Elks of the United States of Am., Inc., 247 A.D.2d 565, 568, 669 N.Y.S.2d 56, 59 (2d Dep't 1998). Persuasion alone, even if knowingly directed at interference with a contract, is not enough. Guard-Life, 50 N.Y.2d at 191, 428 N.Y.S.2d at 448-49.

The New York Court of Appeals case, <u>Carvel Corp. v. Noonan</u>, 3 N.Y.3d at 192, 785 N.Y.S.2d at 364, is instructive on this issue. As explained there, the Carvel ice cream company had contracts with its franchisees which included restrictions on Carvel's rights to compete with them, and which purportedly prohibited Carvel from marketing its ice cream through supermarkets. When Carvel began marketing its ice cream through supermarkets and in turn competed with its own franchisees, the franchisees sued for tortious interference with prospective economic relations. The Court held that Carvel's actions did not amount to "wrongful means" as required to support the franchisees' claim. <u>Id.</u> at 192. Carvel did not "drive the franchisees customers away by physical violence, or lure them by fraud or misrepresentation, or harass them with meritless litigation" (<u>Id.</u> at 191), but simply made its goods available to supermarkets at an attractive price. Such action, the court concluded, "was not pressure on these third parties but legitimate persuasion and thus tortious interference with economic relations was not established." <u>Id.</u> at 192.[2]

The same logic applies here. There are no allegations in the complaint that Securetec engaged in any conduct designed solely to cause harm to Plaintiff. Nor are there any allegations to suggest that Securetec engaged in a crime or independent tort. At the very most, the allegations in the complaint could imply that Securetec acted out of its own economic self-interest by "offering the GDR customer more desirable terms than those previously offered by GDR." (Comp., ¶ 18). Even if true, these allegations amount to the same type of "legitimate persuasion" that the <u>Carvel</u> court found did not satisfy the wrongful means test. <u>Id.</u> at 192. Accordingly, the allegations in the complaint do not satisfy the wrongful means test.

---

[2]    The Court of Appeals further explained that, in a situation like the one before it, the extent of competition allowed is something that should be addressed by the parties in their contract, "not by courts or juries seeking after the fact to devise a code of conduct." <u>Id.</u> at 193. "The intervention of tort law to regulate when a franchisor may or may not compete with its franchisees is neither necessary nor useful." <u>Id.</u>  Since the conduct of the parties in this case was also governed by a contract, the case can only be resolved as a matter of contract law, not tort law.

Having failed to allege any conduct which could possibly amount to "wrongful means," Plaintiff's claim for tortious interference with prospective economic relations is deficient as a matter of law and should be dismissed. <u>Prestige Foods, Inc. v. Whale Securities Co., L.P.</u>, 243 A.D.2d 281, 282, 663 N.Y.S.2d 14, 14 (1st Dep't 1997) (dismissing claim for tortious interference based on lack of allegation that defendant's conduct was motivated solely by malice or to inflict injury by unlawful means); <u>New York Pepsi-Cola Dist. Assoc., Inc. v. Pepsico, Inc.</u>, 240 A.D.2d 315, 316, 659 N.Y.S.2d 441, 442 (1st Dep't 1997) (soft drink distributors' allegations failed to state interference claim absent allegations of culpable conduct).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request an order dismissing Plaintiff's second, third, and fourth causes of action with prejudice, and awarding Defendant such other and further relief as the Court shall deem just and proper.

Dated: Albany, New York
        July 3, 2008

WHITEMAN OSTERMAN & HANNA LLP

BY:    /s/ William S. Nolan
       _____
       John J. Henry (JH-7137)
       William S. Nolan (WN-8091)
       Attorneys for Defendants
       One Commerce Plaza
       Albany, New York  12260
       (518) 487-7600

W:\13700\13755\Plea\MOL 07.03.08.doc