UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
GLOBAL DETECTION AND            :    Civil Action No.: 08 Civ. 5441 (GEL)
REPORTING, INC.,                :
                                :
        Plaintiff,     :
                                :
  -against-                    :
                                :
SECURETEC DETEKTIONS-           :
SYSTEME AG and SECURETEC        :
CONTRABAND DETECTION AND        :
IDENTIFICATION, INC.            :
        Defendants.    :
-------------------------------------------------------X


## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS


McCARTER & ENGLISH, LLP
Attorneys for Plaintiff
Global Detection and Reporting, Inc.
245 Park Avenue
New York, New York 10167
(212) 609-6800

ME1 7529753v.1

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT ............................................................................................................................. 4

      POINT I:  THE LEGAL STANDARD ................................................................................... 4

      POINT II:  THE COMPLAINT STATES AN INDEPENDENTLY
      SUSTAINABLE CLAIM FOR BREACH OF THE COVENANT OF
      GOOD FAITH AND FAIR DEALING .................................................................................. 5

      POINT III:  THE COMPLAINT STATES A CLAIM FOR UNFAIR
      COMPETITION ...................................................................................................................... 6

            A.     The Claim is not Duplicative of the Breach of
                      Contract Claim .................................................................................................. 6

            B.     Consumer Confusion Is Not An Essential Element of Unfair
                      Competition Claims .......................................................................................... 7

            C.     GDR's Claim Clearly Alleges Improper Actions Constituting Bad
                      Faith .................................................................................................................. 8

      POINT IV:  THE COMPLAINT STATES A CLAIM FOR TORTIOUS
      INTERFERENCE WITH BUSINESS PROSPECTS ............................................................. 9

CONCLUSION ........................................................................................................................ 12

ME1 7529753v.1

# TABLE OF AUTHORITIES

*Advanced Magnification Instruments of Oneonta, N.Y., Ltd. v. Minuteman Optical Corp.*, 522 N.Y.S.2d 287 (N.Y. App. Div. 3d Dep't 1987) ................................................................. 7

*ATSI Commc'ns v. Shaar Fund, Ltd.*, 493 F.3d 87 (2d Cir. 2007) ............................................. 4, 10

*Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007) ....................................................................... 4

*Bernheim v. Litt*, 79 F.3d 318 (2d Cir. 1996) .................................................................................. 4

*Dialcom, LLC, v. AT & T Corp.*, No. 12026/03, 2008 WL 2581876, at *10 (N.Y. Sup. Ct. June 17, 2008) .................................................................................................................................... 6

*Dior v. Milton*, 155 N.Y.S.2d 443, 451 (N.Y. Sup. Ct.), *aff'd*, 156 N.Y.S.2d 996 (N.Y. App. Div 1st Dep't 1956) ......................................................................................................................... 7

*Electrolux Corp. v. Val-Worth, Inc.*, 161 N.E.2d 197 (N.Y. 1959) ............................................... 7

*Erickson v. Pardus*, 127 S. Ct. 2197 (2007) ................................................................................. 4

*Foman v. Davis*, 371 U.S. 178 (1962) ......................................................................................... 11

*Kirch v. Liberty Media Corp.*, 449 F.3d 388 (2d Cir. 2006) .......................................................... 9

*Krinos Foods, Inc. v. Vintage Food Corp.*, 80 N.Y.S.2d 67 (N.Y. App. Div. 1st Dep't 2006) ....... 7

*Kwon v. Yun*, No. 05 Civ. 1142 (GEL (DFE), 2008 WL 190058, at *1 (S.D.N.Y. Jan. 22, 2008) 11

*Merrill Lynch Futures, Inc. v. Miller*, 686 F. Supp. 1033 (S.D.N.Y. 1988) ................................... 9

*In re NYSE Specialists Sec. Litigation*, 503 F.3d 89 (2d Cir. 2007) .............................................. 4

*Metropolitan Opera Ass'n v. Wagner-Nichols Recorder Corp.*, 101 N.Y.S.2d 483 (N.Y. Sup. Ct. 1950), *aff'd*, 107 N.Y.S.2d 795 (N.Y. App. Div. 1st Dep't 1951) ............................................ 7

*Paz Sys., Inc. v. The Dakota Group Corp.*, 514 F. Supp. 2d 402 (E.D.N.Y. 2007) ...................... 8

*Richmond Shop Smart, Inc. v. Kenbar Dev. Ctr., LLC*, 820 N.Y.S.2d 124 (N.Y. App. Div. 2d Dep't 2006) ............................................................................................................................... 6

*Riddell Sports, Inc. v. Brooks*, 872 F. Supp. 73 (S.D.N.Y. 1995) ......................................... 10, 11

*Special Event Entm't v. Rockefeller Ctr., Inc.*, 458 F. Supp. 72 (S.D.N.Y. 1978) ........................ 9

*Telecom Int'l Am., Ltd. v. AT & T Corp.*, 280 F.3d 175 (2d Cir. 2001) ......................................... 7

*Thin Film Lab, Inc. v. Comito*, 218 F. Supp. 2d 513 (S.D.N.Y. 2002) ........................................ 7, 8

*United States v. Baxter Int'l*, 345 F.3d 866 (11th Cir. 2003) ............................................................ 4

*Zikakis v. Staubach Retail Serv., Inc.*, No. 04 CIV. 9609 (NRB), 2005 WL 2347852 (E.D.N.Y. Sept. 26, 2005) .................................................................................................................... 10

**RULES**

Fed. R. Civ. P. 8(a)(2) ........................................................................................................................ 4

Fed. R. Civ. P. 12(b)(6) ................................................................................................................. 1, 4

**TREATISES**

2 N.Y. PJI 3d 3:58, at 525 (2007) ..................................................................................................... 7

## PRELIMINARY STATEMENT

Plaintiff Global Detection and Reporting, Inc. ("GDR") respectfully submits this memorandum of law in opposition to Defendants Securetec Detektions-Systeme AG and Securetec Contraband Detection and Identification, Inc.'s (collectively, "Defendants" or "Securetec") motion to dismiss GDR's second, third, and fourth causes of action pursuant to Fed. R. Civ. P. 12(b)(6).

Defendants' motion to dismiss should be denied in its entirety because each cause of action in GDR's Complaint states a valid and independently sustainable claim against Defendants. Defendants' arguments to the contrary misinterpret the unambiguous allegations contained in GDR's Complaint and also reveal their misunderstanding of the law applicable to GDR's third and fourth causes of action.

GDR's breach of covenant of good faith and fair dealing claim is not duplicative of its breach of contract claim and states a separate and independent cause of action. In its Complaint GDR not only alleges that Defendants breached the express terms of the contract between the parties, but also that Defendants obtained confidential information from GDR. Defendants used this confidential information to gain a competitive advantage over GDR in dealing with GDR's customer -- within GDR's exclusive market. GDR further alleges that Defendants' conduct in this regard, misusing non-public information, damaged both GDR's business and reputation and its relationship with a specific customer. This separate tort by Defendants, the improper use of confidential information in an exclusive market, which is not expressly barred by the terms of the contract, supports GDR's claim for breach of the covenant of good faith and fair dealing. Accordingly, GDR's second cause of action should stand.

Defendants' challenge to GDR's unfair competition claim is similarly flawed. Despite Defendants' contentions, GDR's claim is not based solely on Plaintiff's contractual rights.

ME1 7529753v.1

Rather, GDR expressly alleges that Defendants misused confidential information to compete unfairly with GDR. In addition, Defendants erroneously state that a likelihood of confusion as to origin of a product and bad faith are "essential elements of a cause of action for unfair competition under New York law." As explained in greater detail below, it is well-established that a likelihood of confusion as to origin of a product is an essential element only in certain types of unfair competition cases, *e.g.*, those involving trademarks, palming off or false labeling. This case involves none of these issues. It is equally clear that likelihood of confusion is not an essential element of other types of unfair competition claims recognized by New York, *e.g.*, monopoly, restraint of trade and trade secrets.

Defendants are also incorrect that bad faith is an essential element of an unfair competition claim.[1] The requisite element to which Defendants appear to be referring is bad faith *or* wrongful means, and GDR alleges both in its Complaint (*i.e.*, GDR contends that Securetec misused confidential, non-public information). Therefore, Defendants' argument that GDR has failed to state a cause of action for unfair competition is untenable.

Defendants also appear to misapprehend the elements of GDR's fourth cause of action for tortious interference with prospective economic advantage. They argue that GDR "has not alleged the element of causation - that it would have received a contract . . . but for Securetec's actions." It appears that Defendants have confused the elements of a claim for tortious interference with contract with those required for a claim for tortious interference with prospective economic advantage. Plaintiff seeks recovery on the latter. Therefore, all of the required elements of Plaintiff's fourth cause of action, including that of wrongful means, have been alleged.

---

[1] To the extent that Defendants note GDR's cause of action for breach of the covenant of good faith and fair dealing, it is also devoid of logic to claim that GDR does not allege bad faith on the part of Securetec.

2

ME1 7529753v.1

Based on the foregoing, Defendants' motion must be denied as a matter of law. Factually, Defendants' motion overlooks allegations that are indisputably present in the Complaint. More significantly, however, Defendants' motion misstates the applicable law. In the alternative, and in the event that this Court accepts any of Defendants' arguments and dismisses any portion of GDR's Complaint, GDR requests that it be permitted to amend its Complaint.

# ARGUMENT

## POINT I

### THE LEGAL STANDARD

"Because the Federal Rules embody the liberalized concept of 'notice pleading,' . . . the threshold of sufficiency to which a complaint is held at the motion-to-dismiss stage is 'exceedingly low'." *United States v. Baxter Int'l*, 345 F.3d 866, 881 (11th Cir. 2003). Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). Moreover, when deciding a defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept as true all of the factual allegations contained in the complaint" and "draw all inferences in the light most favorable to the non-moving party." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1975 (2007); *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007). To survive a 12(b)(6) motion to dismiss, the allegations in the complaint must meet only the standard of "plausibility." *Bell*, 127 S.Ct. at 1970. This means that the complaint need not provide "detailed factual allegations," it must only "amplify a claim with some factual allegations to render the claim plausible. *Id.* at 1964; *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007). As long as the complaint provides "the grounds upon which [the plaintiff's] claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level' it will survive a motion to dismiss. *ATSI Commc'ns v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). Finally, a court must consider not whether a plaintiff will ultimately succeed, but whether he or she is "entitled to offer evidence to support the claims." *Bernheim v. Litt*, 79 F.3d 318, 321 (2d Cir. 1996).

4

As explained in greater detail below, there can be no question that GDR has exceeded the extremely low threshold required to demonstrate the sufficiency of each cause of action alleged in its Complaint. The Complaint clearly contains a plausible claim for relief even without the benefit of the inferences which this Court is required to draw in GDR's favor. As such, the Complaint must survive Defendants' motion to dismiss in its entirety.

**POINT II**

### THE COMPLAINT STATES AN INDEPENDENTLY SUSTAINABLE CLAIM FOR BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING.

Defendants' efforts to dismiss GDR's second cause of action for breach of the covenant of good faith and fair dealing are based on incorrect factual assertions and an inaccurate conclusion of law. Defendants argue that GDR's "breach of the covenant of good faith and fair dealing claim merely duplicates Plaintiff's breach of contract allegation." Defendants' Memorandum of Law at 1. Referring to an allegation that precedes GDR's second cause of action, Defendants imply that GDR alleges only actions "in direct contravention of the explicit and unambiguous terms of the Distribution Agreement" to support its claim the Defendants breached the implied covenants. These statements are erroneous.

GDR specifically alleges that it provided confidential information to Defendants, including, but not limited to, pricing information and profitability projections, and that Defendants improperly used that confidential information to offer more desirable terms to GDR's customer within GDR's exclusive territory. Compl. at ¶¶ 15, 16 and 18.[2] There is no allegation in GDR's Complaint that the express terms of the Distribution Agreement prohibited Defendants' use of confidential information obtained from GDR. Nor can there be. Instead, GDR argues that this obligation was implied by the covenant of good faith and fair dealing and

---

[2] References to "Compl." herein shall refer to GDR's June 16, 2008 Complaint.

breached by Defendants. Furthermore, GDR alleges in its second cause of action that this independent breach by Defendants damaged GDR's business and reputation as distinct from its relationship with any particular customer. Compl. at ¶ 29. These allegations are both broader and different than those contained in GDR's breach of contract claim. Accordingly, Defendants' arguments, and the precedent they rely on to support those arguments, are misplaced.

To the extent that GDR's first and second causes of action consist of distinct, non-duplicative, independent claims, as demonstrated above, the second cause of action must stand even if the claims involve some overlap. *Dialcom, LLC, v. AT & T Corp.*, No. 12026/03, 2008 WL 2581876, at *10 (N.Y. Sup. Ct. June 17, 2008) (citing *Richmond Shop Smart, Inc. v. Kenbar Dev. Ctr., LLC*, 820 N.Y.S.2d 124, 125 (N.Y. App. Div. 2d Dep't 2006)).

## POINT III

### THE COMPLAINT STATES A CLAIM FOR UNFAIR COMPETITION

**A.    The Claim is not Duplicative of the Breach of Contract Claim.**

Defendants challenge GDR's third cause of action as duplicative of its breach of contract claim. This challenge fails for the same reason it failed with respect to GRD's second cause of action. The breach of contract claim does *not* encompass the unfair competition claim. For the sake of brevity, GDR will not repeat the arguments contained in the preceding point of this memorandum, but rather incorporates them by reference. Suffice it to say, Defendants' use of GDR's confidential information in a manner not contemplated in, or covered by, the relevant contract, not their competition within GDR's exclusive territory, gives rise to GDR's unfair competition claim. Accordingly, GDR's third cause of action is separate and distinct from its breach of contract claim.

### B.   Consumer Confusion Is Not An Essential Element of Unfair Competition Claims.

New York recognizes at least seven bases for an unfair competition claim: (1) monopoly; (2) restraint of trade; (3) trade secrets; (4) trademark or trade name infringement; (5) palming off; (6) misappropriation; and (7) false labeling or advertising. *See* 2 N.Y. PJI 3d 3:58, at 525 (2007). While there is no complete list of activities that constitutes unfair competition under New York law, the essence of an unfair competition claim is that one may not act in bad faith to misappropriate the skill, expenditures, and labor of another. *See Electrolux Corp. v. Val-Worth, Inc.*, 161 N.E.2d 197, 203 (N.Y. 1959); *Krinos Foods, Inc. v. Vintage Food Corp.*, 80 N.Y.S.2d 67, 68-69 (N.Y. App. Div. 1st Dep't 2006). The tort functions to protect "property rights of commercial value . . . from any form of commercial immorality." *Metropolitan Opera Ass'n v. Wagner-Nichols Recorder Corp.*, 101 N.Y.S.2d 483, 492 (N.Y. Sup. Ct. 1950), *aff'd*, 107 N.Y.S.2d 795 (N.Y. App. Div. 1st Dep't 1951). "The general principle . . . evolved from all of the cases is that commercial unfairness will be restrained when it appears that there has been a misappropriation, for the commercial advantage of one person, of a benefit or property right belonging to another." *Telecom Int'l Am., Ltd. v. AT & T Corp.*, 280 F.3d 175, 197 (2d Cir. 2001) (quoting *Dior v. Milton*, 9 Misc.2d 425, 431 (Sup Ct, N.Y. County), *aff'd*, 2 A.D.2d 878 (1st Dep't 1956).

Contrary to Defendants' assertions, unfair competition claims are *not* limited to cases where consumer confusion is an issue. *See, e.g., Advanced Magnification Instruments of Oneonta, N.Y., Ltd. v. Minuteman Optical Corp.*, 522 N.Y.S.2d 287, 290 (N.Y. App. Div. 3d Dep't 1987) ("[A]n employee's illegal physical taking or copying of an employer's files or confidential information constitutes actionable unfair competition."). Likewise, solicitation of an employer's customer by a former employee is actionable if there was wrongful conduct by the employee, such as using confidential information. *Thin Film Lab, Inc. v. Comito*, 218 F. Supp.

7

2d 513, 522 (S.D.N.Y. 2002). Similarly, in *Paz Systems, Inc. v. The Dakota Group Corp.*, 514 F. Supp. 2d 402 (E.D.N.Y. 2007), a claim of unfair competition against a former employee, new business and others alleging misappropriation of trade secrets and unfair competition was sustained through trial.

In this case GDR did not allege consumer confusion because that element does not comport with the facts of this case. Simply put, this case does not involve trademarks, palming off or false labeling. Rather, GDR has alleged an unfair competition claim based on Defendants' "use of the Confidential Information" in usurping GDR's exclusive business relationship. Compl. at ¶ 33. Accordingly, the third cause of action should stand.

C.    **GDR's Claim Clearly Alleges Improper Actions Constituting Bad Faith.**

Defendants' final argument against GDR's third cause of action is at odds with the clear and unambiguous allegations of GDR's Complaint. Defendants argue that "Plaintiff has also failed to allege the necessary element of bad faith." Defendants' Memorandum of Law at 10. This argument is perplexing in light of paragraph 31 of the Complaint, which plainly alleges "Securetec *acted in bad faith* to misappropriate the skill, expenditures, and labor of GDR" (emphasis added). No less puzzling is Defendants' argument that "[t]here are also no allegations in the complaint which fall into the third category - using methods that are independently illegal." Defendants' Memorandum of Law at 10. As indicated repeatedly in this memorandum, GDR alleged that Defendants' misused GDR's confidential information. This is sufficient to sustain a claim of unfair competition. *Thin Film Lab*, 218 F. Supp. 2d at 522.

# POINT IV

## THE COMPLAINT STATES A CLAIM FOR
## TORTIOUS INTERFERENCE WITH BUSINESS PROSPECTS.

There are four required elements of a cause of action for tortious interference with prospective business relations. They are: (1) business relations with a third party; (2) the defendant's interference with those business relations; (3) the defendant acting with the sole purpose of harming the plaintiff or using wrongful means; and (4) injury to the business relationship. *See Kirch v. Liberty Media Corp.*, 449 F.3d 388, 400 (2d Cir. 2006).

There is no question that GDR has alleged each element. GDR's Complaint states, in relevant part that:

> 36.  GDR established business relations with the GDR Customer.
>
> 37.  Securetec interfered with GDR's business relations with the GDR Customer by, *inter alia*, negotiating with the GDR Customer in secret and to the exclusion of GDR, and, thereby, usurping GDR's relationship with the GDR Customer.
>
> 38.  Securetec utilized confidential and proprietary information obtained from GDR to interfere with GDR's business relationship with the GDR Customer.
>
> 39.  As a result of Securetec's intentional interference with GDR's relationship with the GDR Customer, GDR's relationship with that customer was damaged.

Based on these allegations alone, this Court should deny that portion of Defendants' motion which seeks to dismiss GDR's fourth cause of action.

Defendants, however, argue that more is required of GDR. Citing a mix of cases alternately addressing the inapplicable standard for tortious interference with contract, together with the applicable standard for tortious interference with prospective business relations,[3] Defendants argue that GDR's complaint is defective because it does not allege that GDR "would

---

[3] For example, Defendants cite to *Merrill Lynch Futures, Inc. v. Miller*, 686 F. Supp. 1033, 1040 (S.D.N.Y. 1988), a case which addresses fraud, defamation, and tortious interference with contract -- not tortious interference with prospective business relations. Similarly, *Special Event Entertainment v. Rockefeller Ctr., Inc.*, 458 F. Supp. 72, 78 (S.D.N.Y. 1978) recites the elements of tortious interference with contract -- not prospective contract.

9

have received a contract with a third-party but for Securetec's actions." Defendants' Memorandum of Law at 12.

Rather than quoting from other cases which they cite on this point, such as *Zikakis v. Staubach Retail Service, Inc.*, No. 04 CIV. 9609 (NRB), 2005 WL 2347852 (E.D.N.Y. Sept. 26, 2005), which states that a "plaintiff also must allege that he 'would have entered into an economic relationship'," Defendants quote *Riddell Sports, Inc. v. Brooks*, 872 F. Supp. 73, 78 (S.D.N.Y. 1995) for the proposition that "a plaintiff must allege that, but for defendant's conduct, his prospective business would have coalesced into an actual contract." *See* Defendants' Memorandum of Law at 12.

What Defendants conveniently omit, however, is that the *Riddell* court only reached that conclusion in a case where the plaintiff "failed to allege facts sufficient for the Court to infer" that a contract would have been entered into but for the defendant's conduct. 872 F. Supp. at 79. In this case, *sub judice*, the Court could easily infer that an actual contract would have been entered into but for Securetec's actions. In fact, as Securetec is well aware *because it signed the agreement*, GDR had already entered into a preliminary agreement with the customer at issue. *See* the August 20, 2007 agreement between Global Detection & Reporting and Team Ops LLC, which was acknowledged by Securetec AG and is annexed as Exhibit 1 to the Declaration of Robert S. Bernstein, Esq. dated July 18, 2008.[4] This agreement removes any doubt that GDR and its customer planned to enter into a contract and would have done so but for Securetec's interference.

What Defendants also fail to mention, is that even the *Riddell* court granted the plaintiff leave to amend to properly assert a claim for tortious interference with prospective economic

---

[4] In deciding a motion to dismiss, the court is not limited to the four corners of the complaint, but "may [also] consider . . . documents possessed by or known to the plaintiff and upon which it relied in bringing the suit." *ATSI*, 493 F.3d at 98.

advantage. *Id.* Likewise, if this Court were to find that Defendants' arguments have merit, it should allow GDR leave to amend its complaint. As this Court has previously observed, "under Fed.R.Civ.P. 15(a), leave to amend a pleading should be 'freely give[n] . . . when justice so requires.' As the Supreme Court has said:

> In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given."

*Kwon v. Yun*, No. 05 Civ. 1142 (GEL (DFE), 2008 WL 190058, at *1 (S.D.N.Y. Jan. 22, 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Finally, it should be noted that GDR vigorously disputes Defendants' final, and oft repeated, argument that the Complaint does not allege that Securetec acted using wrongful means. GDR has alleged that "Securetec utilized confidential and proprietary information obtained from GDR to interfere with GDR's business relationship." Compl. at ¶ 38. GDR has also brought a separate cause of action for unfair competition as its third cause of action. As such, it is impossible to claim that no allegation of wrongful means exists in the Complaint. In this regard, the Court should be aware that GDR intends to demonstrate that it was creating the market for Securetec products in North America and the Caribbean, which Securetec granted to GDR exclusively. *See* Compl. at ¶ 12. Securetec would not have known of the existence of the "GDR Customer" referred to in GDR's complaint, much less how to underbid GDR, but for its use of information GDR provided to it in confidence in reliance on the parties' Distribution Agreement (which should have prevented Securetec from "usurping GDR's exclusive relationship with the GDR Customer"). *See* Compl. at paragraph 33.

ME1 7529753v.1

Against this factual background, Securetec's attempts to characterize its actions as "legitimate persuasion" "out of its own economic interest" are outrageous. This is particularly true because Securetec would have served its own economic interests by allowing GDR to contract with its customer unmolested. Securetec was not intended to be GDR's competitor, but rather a supplier that would profit when GDR obtained orders as a distributor.

## CONCLUSION

For the foregoing reasons, GDR respectfully requests an order denying Defendants' Motion to Dismiss in its entirety, or, in the alternative, granting GDR leave to amend its Complaint, and awarding Plaintiff such other and further relief as the Court shall deem just and proper.

Dated: New York, New York
       July 18, 2008

McCarter & English, LLP

By: s/Robert S. Bernstein
Robert S. Bernstein (RB 1509)
Attorneys for Plaintiff
245 Park Avenue
New York, New York 10167
212.609.6800

ME1 7529753v.1