UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

GLOBAL DETECTION AND
REPORTING, INC.,                                       Civil Action No.: 08-CIV-5441

        Plaintiff,                                    (GEL/FM)

  -against-


SECURETEC DETEKTIONS-
SYSTEME AG and SECURETEC
CONTRABAND DETECTION AND
IDENTIFICATION, INC.,

        Defendants.
---------------------------------------------------------------X


**REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF DEFENDANTS' MOTION TO DISMISS**


                WHITEMAN OSTERMAN & HANNA LLP
                Attorneys for Defendants
                One Commerce Plaza
                Albany, New York  12260
                (518) 487-7600



John J. Henry, Esq.
William S. Nolan, Esq.
*Of Counsel*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT ............................................................................................................................. 3

POINT I        NEW YORK LAW DOES NOT RECOGNIZE AN INDEPENDENT CLAIM FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING................................................................................................ 3

POINT II       THE COMPLAINT DOES NOT STATE A CLAIM FOR UNFAIR COMPETITION ................................................................................................ 5

           A.   Because Plaintiff Is Unable to Point To Any Alleged Breach of Duty Independent Of The Party's Contract, The Claim Is Duplicative Of The Breach Of Contract Claim. ................................... 5

           B.   Plaintiff Has Not Sufficiently Alleged the Existence of a Trade Secret or Protected Confidential Information ....................................... 6

           C.   The Claim Does Not Adequately Allege the Element of Bad Faith. ..... 9

POINT III      THE COMPLAINT DOES NOT STATE A CLAIM FOR TORTIOUS INTERFERENCE WITH BUSINESS PROSPECTS........................................... 10

           A.   The Contract Submitted by Plaintiff Only Confirms That Plaintiff Has No Claim For Tortious Interference with Business Prospects..... 10

           B.   Plaintiff Has Not Sufficiently Alleged the Element of Wrongful Means ................................................................................................ 12

CONCLUSION........................................................................................................................ 15

# **TABLE OF AUTHORITIES**

## **Federal Cases**

Advanced Marine Tech., Inc. v. Burnham Sec., Inc., 16 F.Supp.2d 375 (S.D.N.Y. 1998) .......... 12

Alter v. Bogoricin, No. 97-CV-0662, 1997 WL 691332 (S.D.N.Y. Nov. 6, 1997) ........................ 4

Commercial Data Servers, Inc. v. Int'l Bus. Mach. Corp., 166 F.Supp.2d 891
    (S.D.N.Y. 2001) ................................................................................................................ 6

Commercial Data Servers, Inc. v. Int'l Bus. Mach. Corp., No. 00-CV-5008, 2001 WL 277303
    (S.D.N.Y. Mar. 21, 2001) ..................................................................................................6

Computech Int'l, Inc. v. Compaq Computer Corp., No. 02-CV-2628, 2002 WL 31398933
    (S.D.N.Y. Oct. 24, 2002) ................................................................................................... 4

Empresa Cubana del Tabaco v. Culbro Corp., 399 F.3d 462 (2d Cir. 2005) ................................ 9

Fasolino Foods Co. v. Banca Nazionale Del Lavoro, 961 F.2d 1052 (2d Cir. 1992) .................... 3

Geler v. Nat'l Westminster Bank USA, 770 F.Supp. 210 (S.D.N.Y. 1991) ................................... 3

Gianni Versace, S.P.A. v. Versace, No. 01-CV-9645 PKLTHK, 2003 WL 470340
    (S.D.N.Y. Feb. 25, 2003) ................................................................................................ 12

Great Lakes Carbon Corp. v. Koch Indus., Inc., 497 F.Supp. 462 (S.D.N.Y. 1980) ...................... 9

Hannex Corp. v. GMI, Inc., 140 F.3d 194 (2d Cir. 1998) ........................................................... 11

Karetsos v. Cheung, 670 F.Supp. 111 (S.D.N.Y. 1987) ................................................................ 4

Laish, Ltd. v. Jafora-Tabori, Ltd., No. 02-CV-1322, 2006 WL 270250
    (E.D.N.Y. Feb. 1, 2006) .................................................................................................... 3

Masefield AG v. Colonial Oil Indus., No. 05-CV-2231, 2006 WL 346178
    (S.D.N.Y. Feb. 15, 2006) ................................................................................................ 12

Orange County Choppers, Inc. v. Olaes Enter., Inc., 497 F.Supp.2d 541
    (S.D.N.Y. 2007) ................................................................................................................ 5

Paper Corp. of The United States v. Schoeller Technical Papers, Inc., 759 F.Supp. 1039
    (S.D.N.Y. 1991) ................................................................................................................ 9

Scutti Enter., LLC v. Park Place Entm't Corp., 173 Fed.Appx. 75 (2d Cir. 2006) ...................... 14

Sea Carriers Corp. v. Empire Programs, Inc., 488 F.Supp.2d 375 (S.D.N.Y. 2007)..................... 4

Silipos, Inc. v. Bickel, No. 1:06-CV-02205, 2006 WL 2265055 (S.D.N.Y. Aug. 8, 2006) ........... 8

Sterling Interiors Group, Inc. v. Haworth, Inc., No. 94-CV-9216, 1996 WL 426379
  (S.D.N.Y. July 30, 1996) ........................................................................................................ 11

Thin Film Lab, Inc. v. Comito, 218 F.Supp.2d 513 (S.D.N.Y. 2002) ......................................... 10

Vill. On Canon v. Bankers Trust Co., 920 F.Supp. 520 (S.D.N.Y. 1996)...................................... 3

**State Cases**

Advanced Global Tech. LLC v. Sirius Satellite Radio, Inc., 15 Misc.3d 776, 836 N.Y.S.2d 807
  (N.Y. Sup. Ct. Mar. 8, 2007) aff'd, 44 A.D.3d 317, 843 N.Y.S.2d 220 (1st Dep't 2007) ....... 13

Amaducci v. Metro. Opera Ass'n, 33 A.D.2d 542, 304 N.Y.S.2d 322 (1st Dep't 1969) ................ 4

Ashland Mgmt., Inc. v. Janien, 82 N.Y.2d 395 (1993)................................................................... 7

Carvel Corp. v. Noonan, 3 N.Y.3d 182, 785 N.Y.S.2d 359 (2004)............................................. 13

Clark-Fitzpatrick, Inc. v. Long Island R.R. Co., 70 N.Y.2d 382, 521 N.Y.S.2d 653 (1987) ......... 5

Delta Filter Corp. v. Morin, 108 A.D.2d 991, 485 N.Y.S.2d 143 (3d Dep't 1985)........................ 7

Dember Constr. Corp. v. Staten Island Mall, 56 A.D.2d 768, 392 N.Y.S.2d 299
  (1st Dep't 1977).......................................................................................................................... 4

Globaldata Mgmt. Corp. v. Pfizer, Inc., 10 Misc.3d 1062(A), 814 N.Y.S.2d 561, 2005 WL
  3487845 (Table) (N.Y. Sup. Ct., Nov. 23, 2005) ................................................................. 6, 7

J&L Am. Enter., Ltd. v. DSA Direct, LLC, 10 Misc.3d 1076(A), 814 N.Y.S.2d 890, 2006 WL
  216680 (N.Y. Sup. Ct., Jan. 27, 2006)................................................................................... 6, 8

Lobel v. Maimonides Med. Cr., 39 A.D.3d 275, 835 N.Y.S.2d 28 (1st Dep't 2007).................. 13

MacArthur Constr. Corp. v. Coleman, 91 A.D.2d 906, 457 N.Y.S.2d 530 (1st Dep't 1983) ......... 4

Marietta Corp. v. Fairhurst, 301 A.D.2d 734, 754 N.Y.S.2d 62 (3d Dep't 2003) ......................... 8

Midsummer Fin. Prod., Inc. v. Rapid Filing Serv. LLC, 14 Misc.3d 1209(A),
  836 N.Y.S.2d 486, 2006 WL 3833658 (Table) (N.Y.Sup. Ct., July 12, 2006) ........................ 7


Moser v. Devine Real Estate, Inc., 42 A.D.3d 731, 839 N.Y.S2d 843 (3d Dep't 2007) ................. 7

Precision Concepts, Inc. v. Bonsanti, 172 A.D.2d 737, 569 N.Y.S.2d 124 (2d Dep't 1991) ......... 7

Shared Comm'n Serv. of ESR, Inc. v. Goldman Sachs & Co., 23 A.D.3d 162,
    803 N.Y.S.2d 512 (1st Dep't 2005) ....................................................................................... 13

Wiener v. Lazard Freres & Co., 241 A.D.2d 114, 672 N.Y.S.2d 8 (1st Dep't 1998) ............. 6, 7, 9

**Federal Rules**

Fed.R.Civ.P. 12(b)(6) ................................................................................................................ 1

**PRELIMINARY STATEMENT**

Defendants Securetec Detektions-Systeme AG and Securetec Contraband Detection and Identification, Inc. (together "Securetec"), submit this reply memorandum of law in further support of their motion to dismiss Plaintiff's second, third, and fourth causes of action pursuant to Fed.R.Civ.P. 12(b)(6).

Nothing in Plaintiff's submission alters the conclusion that its second, third, and fourth causes of action fail to state a claim and should be dismissed. First, Plaintiff continues to assert that in addition to its claim for breach of contract, it has made out a separate and independent claim for relief based on the implied covenant of good faith and fair dealing, when in fact this court and others have routinely refused to recognize such a claim as independent from a breach of contract claim. A breach of the implied covenant is merely a breach of the underlying contract and does not give rise to a separate claim for relief.

Plaintiff's own submission also undermines its unfair competition claim. Plaintiff argues that its unfair competition claim is not duplicative of the parties' contract because Plaintiff is seeking redress for Securetec's alleged improper use of Plaintiff's confidential information, not just Securetec's alleged contact with Plaintiff's customer. But this argument fails because Plaintiff alleges that the implied covenant within the contract is what prohibited Plaintiff from using the alleged confidential information in the first place. (Plaintiff's Mem., pp. 5-6) ("this obligation was implied by the covenant of good faith and fair dealing and breached by Defendants"). Plaintiff cannot, under New York law, claim that Securetec engaged in a tort when the duty alleged to have been breached is a contractual one.

Plaintiff attempts to side-step this issue by suggesting that its claim is one for misappropriation of a trade secret, but there are no allegations in the complaint which suggest that the "confidential information" allegedly used by Securetec was subject to trade secret protection. The pricing information and profitability projections summarily cited by Plaintiff in its complaint are not subject to trade secret protection to begin with. Even if they were, the complaint does not include the required allegation that Plaintiff itself ever treated the information as a confidential trade secret or took any precautionary measures to make sure it was not used by Securetec or anyone else. Accordingly, Plaintiff's unfair competition claim fails as a matter of law.

Plaintiff's submission further confirms that there is absolutely no basis for its tortious interference with business prospects claim. Plaintiff has submitted what it contends is a *fully executed contract* between itself, Securetec, and a company named Team Ops LLC, presumably the customer referenced in the complaint. This is fatal to Plaintiff's claim because the cause of action for tortious interference with business prospects is designed to address only business relationships that have *not* been memorialized by a formal contract. Moreover, the mere existence of this contract shows that Plaintiff cannot meet its burden of proving the element of causation, i.e., that "but for" Securetec's actions, Plaintiff would have entered a contract with the customer. The reality is that Plaintiff did enter into a contract with the customer. As such, there can be no claim for interference with business *prospect*s.

# ARGUMENT

## POINT I

### NEW YORK LAW DOES NOT RECOGNIZE AN INDEPENDENT CLAIM FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

Plaintiff argues that the complaint states an independently sustainable claim for breach of the covenant of good faith and fair dealing because it alleges an implied contractual obligation "prohibiting Defendants' use of confidential information obtained from GDR." (Plaintiff's Mem., p. 5). This assertion fails in the face of established case law. The courts have consistently held that a claim for breach of the implied covenant is not distinct from a claim for breach of contract and, therefore, does not amount to an independent claim for relief.

"Under New York law, parties to an express contract are bound by an implied duty of good faith, 'but breach of that duty is merely a breach of the underlying contract.'" Fasolino Foods Co. v. Banca Nazionale Del Lavoro, 961 F.2d 1052, 1056 (2d Cir. 1992) (quoting Geler v. Nat'l Westminster Bank USA, 770 F.Supp. 210, 215 (S.D.N.Y. 1991). While the implied covenant can *support* a claim for breach of the underlying contract, it "does not create any new contractual rights . . . nor does it provide an independent basis for recovery." Vill. On Canon v. Bankers Trust Co., 920 F.Supp. 520, 534 (S.D.N.Y. 1996) (internal citations omitted); Laish, Ltd. v. Jafora-Tabori, Ltd., No. 02-CV-1322, 2006 WL 270250, at *9 (E.D.N.Y. Feb. 1, 2006) (dismissing implied covenant claim because such a claims are "not distinct from the underlying breach of contract claim"); see also Geler, 770 F.Supp. at 215 ("In other words, the new allegations [alleging breach of the duty of good faith and fair dealing] are irrelevant to any recovery as a matter of law."). Simply put, "New York law does not recognize a cause of action for breach of an implied covenant independent of a claim for breach of the underlying contract."

3

Sea Carriers Corp. v. Empire Programs, Inc., 488 F.Supp.2d 375, 380 (S.D.N.Y. 2007); Computech Int'l, Inc. v. Compaq Computer Corp., No. 02-CV-2628, 2002 WL 31398933 at *4 (S.D.N.Y. Oct. 24, 2002) (same).

Because New York law does not recognize an independent claim for breach of the covenant of good faith and fair dealing, Plaintiff's second cause of action must be dismissed. See, e.g., Alter v. Bogoricin, No. 97-CV-0662, 1997 WL 691332, at *7 (S.D.N.Y. Nov. 6, 1997) ("[E]very court faced with a complaint brought under New York law and alleging both breach of contract and breach of a covenant of good faith and fair dealing has dismissed the latter claim as duplicative.").[1]

---

[1] Plaintiff's argument that its second cause of action seeks separate and distinct relief in the form of reputation damages fares no better. Damage to reputation is not recoverable in a contract action, so such damages would not be available to Plaintiff even if the second cause of action did state a claim. Karetsos v. Cheung, 670 F.Supp. 111, 115 (S.D.N.Y. 1987) (precluding recovery for damage to plaintiff's reputation as a result of the breach); MacArthur Constr. Corp. v. Coleman, 91 A.D.2d 906, 906, 457 N.Y.S.2d 530, 531 (1st Dep't 1983) (damage claim in breach of contract action for injury to plaintiff's reputation in the industry is not actionable); Dember Constr. Corp. v. Staten Island Mall, 56 A.D.2d 768, 768, 392 N.Y.S.2d 299, 299 (1st Dep't 1977) (cause of action seeking damage to plaintiff's reputation arising out of breach of contract is not actionable); Amaducci v. Metro. Opera Ass'n, 33 A.D.2d 542, 542-43, 304 N.Y.S.2d 322, 323 (1st Dep't 1969) (striking allegations that breach of contract caused plaintiff "mental anguish, humiliation, grief and distress" as well as "great and irreparable harm and damage to his name, career and reputation").

# POINT II

## THE COMPLAINT DOES NOT STATE
## A CLAIM FOR UNFAIR COMPETITION

**A.  Because Plaintiff Is Unable to Point To Any Alleged Breach of Duty Independent Of The Party's Contract, The Claim Is Duplicative Of The Breach Of Contract Claim.**

Without citing any case law, Plaintiff argues that its unfair competition claim is not duplicative of its breach of contract claim because the contract does not cover "Defendants' use of GDR's confidential information." (Plaintiffs' Mem., p. 6). But this argument directly conflicts with, and is undermined by, the argument contained on the preceding page of Plaintiff's brief which states that the implied covenant within the contract *does* cover this issue. (Plaintiff's Mem., p. 5-6) ("GDR argues that this obligation was implied by the covenant of good faith and fair dealing and breached by Defendants"). In light of this, Plaintiff's third cause of action for unfair competition "is merely a restatement, albeit in slightly different language, of the 'implied' contractual obligations asserted in the cause of action for breach of contract." Clark-Fitzpatrick, Inc. v. Long Island R.R. Co., 70 N.Y.2d 382, 390, 521 N.Y.S.2d 653, 657 (1987) (dismissing tort claim dependent on implied contractual duty). Under these circumstances, Plaintiff's unfair competition claim lacks merit and should be dismissed. See, e.g., Orange County Choppers, Inc. v. Olaes Enter., Inc., 497 F.Supp.2d 541, 556-558 (S.D.N.Y. 2007) (dismissing unfair competition claim as duplicative of breach of contract claim).[2]

---

[2] Notably, Plaintiff does not even attempt to distinguish this case law.

### B. Plaintiff Has Not Sufficiently Alleged the Existence of a Trade Secret or Protected Confidential Information.

Plaintiff suggests that its second cause of action falls within a distinct subcategory of unfair competition law that prohibits the misappropriation of trade secrets and confidential information, without a necessary showing of consumer confusion. (Plaintiff's Mem., pp. 7-8). This argument should be flatly rejected because the complaint does not sufficiently identify any legally protected trade secrets or confidential information, let alone plead all of the elements of such a misappropriation claim.

To allege misappropriation, a party must first sufficiently identify an exclusive, protected trade secret or other confidential information. See, e.g., Commercial Data Servers, Inc. v. Int'l Bus. Mach. Corp., 166 F.Supp.2d 891, 895 (S.D.N.Y. 2001) (dismissing unfair competition claim in amended complaint because allegations did "not plead ownership of any proprietary data or technological innovation that could possibly have been misappropriated"); Commercial Data Servers, Inc. v. Int'l Bus. Mach. Corp., No. 00-CV-5008, 2001 WL 277303 at *1 (S.D.N.Y. Mar. 21, 2001) (dismissing unfair competition claim in original complaint because the pleading did "not sufficiently identify . . . what specifically was misappropriated . . . [in order] to evaluate [the plaintiff's] property rights in it"). Further, "[t]o avoid dismissal, plaintiff's allegations of misappropriation of its confidential information must meet the definition of a 'trade secret.'" J&L Am. Enter., Ltd. v. DSA Direct, LLC, 10 Misc.3d 1076(A), 814 N.Y.S.2d 890, 2006 WL 216680, at *4 (N.Y. Sup. Ct., Jan. 27, 2006); see also, Wiener v. Lazard Freres & Co., 241 A.D.2d 114, 124, 672 N.Y.S.2d 8, 15 (1st Dep't 1998) (dismissing unfair competition claim where plaintiff did not adequately allege the existence of a protected trade secret). Bald, conclusory allegations of trade secrets or confidential data are insufficient. Globaldata Mgmt. Corp. v. Pfizer, Inc., 10 Misc.3d 1062(A), 814 N.Y.S.2d 561, 2005 WL 3487845, at *5 n. 8

(Table) (N.Y. Sup. Ct., Nov. 23, 2005). See also, Moser v. Devine Real Estate, Inc., 42 A.D.3d 731, 736, 839 N.Y.S2d 843, 849 (3d Dep't 2007).

Information is not entitled to trade secret protection unless the plaintiff has treated the information as such. Ashland Mgmt., Inc. v. Janien, 82 N.Y.2d 395, 407 (1993); Delta Filter Corp. v. Morin, 108 A.D.2d 991, 992, 485 N.Y.S.2d 143, 144 (3d Dep't 1985). Thus, to plead a claim for misappropriation of trade secrets, a plaintiff must allege that it employed precautionary measures to preserve its allegedly exclusive knowledge of the information in question so as to actually render it a trade secret. Midsummer Fin. Prod., Inc. v. Rapid Filing Serv. LLC, 14 Misc.3d 1209(A), 836 N.Y.S.2d 486, 2006 WL 3833658 at *2 (Table) (N.Y.Sup. Ct., July 12, 2006) ("plaintiff must allege that it employed precautionary measures to protect the allegedly exclusive knowledge of the process at issue"). A plaintiff's failure to include such allegations in its complaint requires dismissal of its claim. Precision Concepts, Inc. v. Bonsanti, 172 A.D.2d 737, 738, 569 N.Y.S.2d 124, 125 (2d Dep't 1991) (finding no cause of action for misappropriation of trade secrets because the plaintiff did not assert precautionary measures in protecting its alleged exclusive knowledge); Wiener, 241 A.D.2d at 124, 672 N.Y.S.2d at 15 (dismissing unfair competition claim where there were no factual allegations suggesting that measures were taken by plaintiff to treat information as a trade secret); see also, Globaldata, 2005 WL 3487845 at *5, n. 8 (dismissing trade secretes and unfair competition claim because plaintiff made only bald conclusory allegations in complaint).

In this case, Plaintiff argues that it has sufficiently alleged a misappropriation claim, but the complaint does not support that argument. Plaintiff's sole attempt to describe its allegedly protected confidential information is found in paragraph 16 of the complaint, which makes only a vague allegation that "GDR *shared with Securetec* the confidential details of its negotiations

7

with the GDR Customer, including, but not limited to pricing information and profitability projections." (Comp., ¶ 16) (emphasis supplied). This allegation does not suggest that the information was treated by Plaintiff as a trade secret, or even as sensitive business information, but as information that it freely conveyed to Securetec without any precautionary measures. From that point in the complaint forward, Plaintiff simply recycles its "Confidential Information" label and makes no further effort to describe why the information is allegedly protected as a trade secret. Since Plaintiff has not included any allegations in its complaint to suggest that it has ever taken any precautionary measures to protect this information, it has not stated a cause of action for unfair competition based on the misappropriation of trade secrets or confidential information. See, e.g., J&L Am. Enter., Ltd. v. DSA Direct, LLC, 10 Misc.3d 1076(A), 814, N.Y.S.2d 890, 2006 WL 216680, at *5 (N.Y. Sup. Ct., Jan. 27, 2006) ("Plaintiff fails to make any allegations demonstrating the extent of measures taken to guard the Lists' secrecy. In fact, plaintiff's allegations in the amended complaint with respect to the Lists make clear that plaintiff failed to take reasonable measures to protect the Lists' secrecy, and thus completely negates any claim that the Lists are trade secrets").

Even if Plaintiff had alleged that it has taken the required precautionary measures and thus *treated* its "pricing information and profitability projections" (Comp., ¶ 16) as trade secrets, such information still does not qualify for trade secret protection. Pricing data, market strategies, and information concerning the intricacies of a business do not amount to trade secrets and are not protected property. Marietta Corp. v. Fairhurst, 301 A.D.2d 734, 738, 754 N.Y.S.2d 62, 67 (3d Dep't 2003); Silipos, Inc. v. Bickel, No. 1:06-CV-02205, 2006 WL 2265055, at *4 (S.D.N.Y. Aug. 8, 2006) ("[T]rade-secret protection does not extend to information regarding 'market strategies' . . . and the Court thus finds that [plaintiff] lacks a legitimate interest in its

8

strategy information.") (internal citations omitted); Great Lakes Carbon Corp. v. Koch Indus., Inc., 497 F.Supp. 462, 470 (S.D.N.Y. 1980) ("[P]rice and cost estimates . . . are not 'trade secrets' or protected confidences.").

Simply put, Plaintiff cannot sustain a claim for unfair competition merely by labeling its pricing and profitability data as confidential information. Regardless of any claim by Plaintiff that its "possession of this data placed it in an advantageous position in dealing with [its customer] and that the possession of the data by another party would deprive plaintiffs of this advantage, the data did not thereby acquire 'trade secret' status such that it was entitled to trade secret protection." Wiener, 241 A.D.2d at 123, 672 N.Y.S.2d at 15. Because the complaint does not contain the required allegations to show the existence of a protected trade secret or other confidential information, Plaintiff cannot state a claim for unfair competition. Id. Plaintiff's second cause of action should, therefore, be dismissed.

### C. The Claim Does Not Adequately Allege the Element of Bad Faith.

As demonstrated in Securetec's initial submission, bad faith is an essential element of claim for unfair competition under New York law. Empresa Cubana del Tabaco v. Culbro Corp., 399 F.3d 462, 485 (2d Cir. 2005). There are generally three categories of bad faith that will support a claim for unfair competition, none of which are present here: (1) passing off one's goods as those of another, (2) engaging in activities solely to destroy a rival, and (3) using methods which are independently illegal. Paper Corp. of The United States v. Schoeller Technical Papers, Inc., 759 F.Supp. 1039, 1046 (S.D.N.Y. 1991). In its opposition to the present motion, Plaintiff makes the broad claim that Securetec used methods that were independently illegal, but it declines to specify *how* Securetec's alleged actions might have been illegal, or what criminal laws Securetec is alleged to have violated. (Plaintiff's Mem., p. 8). In

this regard, Plaintiff's argument is insufficient to avoid dismissal.

Plaintiff also cites Thin Film Lab, Inc. v. Comito, 218 F.Supp.2d 513 (S.D.N.Y. 2002), a trade secrets case, in arguing that it has satisfied the bad faith requirement based on its allegation that Securetec used Plaintiff's confidential information. But the words "bad faith" do not even appear in the Thin Film Lab decision, and there is no discussion of the three categories of bad faith cited above. The page of the case cited by Plaintiff merely states the rule that one who uses unlawfully obtained trade secret information can be enjoined from such unfair competition. Id. at 522. Of course, as demonstrated in Point II (B) above, Plaintiff has not properly alleged any protected trade secret information in this case. Thus, Thin Film Lab, does nothing to advance Plaintiff's argument, and the claim for unfair competition should be dismissed.

## POINT III

### THE COMPLAINT DOES NOT STATE A CLAIM FOR TORTIOUS INTERFERENCE WITH BUSINESS PROSPECTS

**A.    The Contract Submitted by Plaintiff Only Confirms That Plaintiff Has No Claim For Tortious Interference with Business Prospects.**

In opposing Securetec's motion to dismiss its interfence claim, Plaintiff has submitted an alleged contract between itself, Securetec, and a company named Team Ops LLC, presumably the customer referenced in the complaint.[3] Plaintiff claims "[t]his agreement removes any doubt that GDR and its customer planned to enter into a contract and would have done so but for Securetec's interference." (Plaintiff's Mem., p. 10).

---

[3] The contract is attached to the Declaration of Robert S. Bernstein dated July 18, 2008, counsel for Plaintiff. For purposes of this motion only, Securetec assumes the authenticity and validity of the agreement. Securetec reserves the right to raise any defenses or arguments it may have with respect to any rights and remedies under the alleged contract outside the context of the present motion.

Plaintiff's assertion is both illogical and fatal to its claim because the submitted agreement *is itself a contract*. The claim of tortious interference with business prospects is designed to address only business relationships that have *not* been memorialized by a formal contract. See, e.g., Hannex Corp. v. GMI, Inc., 140 F.3d 194, 205 (2d Cir. 1998) ("[I]t is well-settled that a plaintiff can recover if that plaintiff can prove that the defendant tortiously interfered with 'a continuing business or other customary relationship *not amounting to a formal contract.*'") (emphasis supplied) (citations omitted); Sterling Interiors Group, Inc. v. Haworth, Inc., No. 94-CV-9216, 1996 WL 426379, at *25 (S.D.N.Y. July 30, 1996) ("The cause of action for interference with prospective business dealings . . . is designed to address situations like the one at bar, in which there was an ongoing business relationship between the plaintiff and a third party, but *no existing contractual arrangement.*") (emphasis added). Since Plaintiff is now alleging that it did have a formal contract with the customer at issue, it cannot sustain a claim for interference with business *prospects*.

The contract also destroys any ability of Plaintiff to prove the elements of causation and damages, i.e, that Plaintiff would have entered a contract with the customer but for Securetec's alleged interference. The contract does not indicate any interference by Securetec, but just the opposite. Securetec was apparently a signatory to the contract. By its terms, the contract does not expire until December 31, 2008, and is presumably still in effect. The contract contains price, payment, and delivery terms for the purchase and sale of Securetec products. Thus, the contract indicates only that Securetec *cooperated* with Plaintiff's attempts to secure Team Ops LLC as a customer. Since Team Ops and Plaintiff both apparently signed and entered the contract as well, there is no set of facts by which Plaintiff could prove it would have entered into a contract with Team Ops LLC "but for" the actions of Securetec. Plaintiff *did* enter into a

11

contract with Team Ops LLC and Securetec did not stand in Plaintiff's way. Therefore, Plaintiff's claim for interference with business prospects should be dismissed. See, e.g., Advanced Marine Tech., Inc. v. Burnham Sec., Inc., 16 F.Supp.2d 375, 385-86 (S.D.N.Y. 1998); (dismissing interference claim where plaintiff did not demonstrate that defendant intentionally caused the third party not to enter into a contractual relationship with plaintiff); see also, Gianni Versace, S.P.A. v. Versace, No. 01-CV-9645 PKLTHK, 2003 WL 470340, at *2, n. 2 (S.D.N.Y. Feb. 25, 2003) (noting insufficiency of claim where alleged injury was speculative).

      **B.**    **Plaintiff Has Not Sufficiently Alleged the Element of Wrongful Means.**

Plaintiff contends that it has sufficiently pleaded the element of wrongful means because the complaint contains a claim for unfair competition and alleges that Securetec used confidential and proprietary information obtained from GDR. (Plaintiff's Mem., p. 11). Preliminarily, this argument fails because, as demonstrated in Point II above, Plaintiff has not sufficiently pleaded a claim for unfair competition or set forth the necessary allegations to establish any protected trade secret or confidential information. Plaintiff's conclusory allegations of unfair competition are also nothing more than legal conclusions, devoid of any factual underpinnings, and will not support a torturous interference claim. Masefield AG v. Colonial Oil Indus., No. 05-CV-2231, 2006 WL 346178, at *9 (S.D.N.Y. Feb. 15, 2006) (dismissing tortious interference claim that consisted of conclusory language without factual underpinnings). As such, these allegations do not support Plaintiff's claim for tortious interference with business prospects.

Plaintiff's argument also fails because Securetec's alleged competitive activity – i.e., Plaintiff's claim of "unfair competition" – undermines any claim of wrongful means. Such activity is, by its very nature, driven by economic self interest, not malice. As stated by the

Court of Appeals in Carvel Corp. v. Noonan, 3 N.Y.3d 182, 785 N.Y.S.2d 359 (2004):

> The existence of competition may often be relevant, since it provides an obvious motive for defendant's interference *other than a desire to injure the plaintiff;* competition, by definition, interferes with someone else's economic relations. Where the parties are not competitors, there may be a stronger case that the defendant's interference with the plaintiff's relationships was motivated by spite. But as long as the defendant is motivated by *legitimate economic self-interest*, it should not matter if the parties are or are not competitors in the same marketplace.

Id., at 191, 785 N.Y.S.2d at 363 (emphasis added).

Since the Carvel ruling, courts have routinely dismissed tortious interference claims which suggest that the defendant's alleged wrongful acts were motivated by economic self-interest, rather than a desire to injure the plaintiff. See, e.g., Lobel v. Maimonides Med. Cr., 39 A.D.3d 275, 276-77, 835 N.Y.S.2d 28, 30 (1st Dep't 2007) ("Nor, in any case, did plaintiff's allegations concerning statements purportedly defaming her set forth grounds for a tortious interference claim, since it is clear that any motivation on defendant's part was based on economic self-interest and not for the sole purpose of harming plaintiff."); Advanced Global Tech. LLC v. Sirius Satellite Radio, Inc., 15 Misc.3d 776, 782, 836 N.Y.S.2d 807, 812 (N.Y. Sup. Ct. Mar. 8, 2007) aff'd, 44 A.D.3d 317, 843 N.Y.S.2d 220 (1st Dep't 2007) (holding that plaintiff's allegations that defendant engaged in coercive business practices "without justification, entirely out of malice" and without "normal economic self-interest" were conclusory and thus insufficient to state a claim; on its face, complaint indicated that actions were competitively motivated); Shared Comm'n Serv. of ESR, Inc. v. Goldman Sachs & Co., 23 A.D.3d 162, 163, 803 N.Y.S.2d 512, 513 (1st Dep't 2005) (affirming dismissal of tortious interference claim because it "failed to include the necessary allegation that defendant's conduct was motivated solely by malice or to inflict injury by unlawful means, beyond mere self-interest

13

or other economic considerations"); see also, Scutti Enter., LLC v. Park Place Entm't Corp., 173 Fed.Appx. 75, 77 (2d Cir. 2006) (granting summary judgment to defendant where record revealed that defendant's actions were motivated by economic self interest).

Plaintiff's tortious interference claim should be similarly dismissed.  There are no evidentiary allegations in the complaint which even remotely suggest that Securetec's actions were motivated by malice or designed solely to inflict injury on Plaintiff.  Rather, the only motivation for Securetec's alleged actions, as implied by the complaint, is a competitive one – hence Plaintiff's claim for "unfair competition."  In sum, Plaintiff has failed to allege any conduct which could possibly amount to "wrongful means." Its claim for tortious interference with prospective economic relations is thus deficient as a matter of law and should be dismissed.

## **CONCLUSION**

For the foregoing reasons, as well as those stated in Securetec's initial submission, Defendants respectfully request an order dismissing Plaintiff's second, third, and fourth causes of action with prejudice, and awarding Defendant such other and further relief as the Court shall deem just and proper.

Dated: Albany, New York
       July 25, 2008

                WHITEMAN OSTERMAN & HANNA LLP

                BY:   /s/ William S. Nolan
                _____
                John J. Henry (JH-7137)
                William S. Nolan (WN-8091)
                Attorneys for Defendants
                One Commerce Plaza
                Albany, New York  12260
                (518) 487-7600