UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
GLOBAL DETECTION AND :
REPORTING, INC., :
:
               Plaintiff, :
: 08 Civ. 5441 (GEL)
  -against- :
: **OPINION AND ORDER**
SECURETEC DETEKTIONS- :
SYSTEME AG, et al., :
:
               Defendants. :
:
------------------------------------------------------------x

GERARD E. LYNCH, District Judge:

      Plaintiff Global Detection and Reporting, Inc. ("GDR") commenced this action against Securetec Detektions-Systeme AG ("Securetec Germany"), Securetec Contraband Detection and Identification, Inc. ("Securetec US") (collectively, "the Securetec Defendants"), and TeamOps, LLC, asserting claims for breach of contract and related torts under New York State law. The complaint alleges federal subject matter jurisdiction based on diversity of citizenship. The Securetec Defendants move to dismiss for lack of jurisdiction. The motion will be granted.

      It is elementary that diversity jurisdiction exists only where there is complete diversity between the parties, that is, "only if there is no plaintiff and no defendant who are citizens of the same [s]tate." Wisconsin Dep't of Corrections v. Schacht, 524 U.S. 381, 388 (1988). It is equally elementary that a corporation is regarded as a citizen both of the state where it is incorporated and the state where it has its principal place of business. See 28 U.S.C. § 1332(c)(1); Universal Licensing Corp. v. Paola del Lungo S.p.A., 293 F.3d 579, 581 (2d Cir. 2002).

Here, the complaint alleges that both plaintiff GDR and defendant TeamOps are Delaware corporations. (Am. Compl. ¶¶ 2, 7.) Thus, on the very face of the complaint, complete diversity of citizenship, and therefore jurisdiction, was defeated. On September 19, 2008, however, the parties stipulated to an order dismissing without prejudice all claims made by GDR against TeamOps. With the dismissal of TeamOps as a party to this action, its citizenship ceased to be an obstacle to the Court's jurisdiction.

A new and graver obstacle to jurisdiction soon became apparent. A certification from the Delaware Secretary of State, provided by the Securetec Defendants (Nolan Decl. Ex. B), attests that Securetec US, though alleged in the complaint to be a Pennsylvania corporation (Am. Compl. ¶ 5), is in fact also incorporated in Delaware. Since a court may consider evidence extrinsic to the complaint in deciding a Rule 12(b)(1) motion to dismiss, see Kamen v. American Telephone & Telegraph Co., 791 F.2d 1006, 1010-11 (2d Cir. 1986); City of New York v. FDIC, 40 F. Supp. 2d 153, 160 (S.D.N.Y. 1999), and since GDR does not dispute the authenticity or probative value of the certification, this fact defeats diversity jurisdiction.

GDR has attempted to moot the motion to dismiss by dismissing Securetec US from the litigation without prejudice, pursuant to Fed. R. Civ. P. 41(a)(1). But this effort fails. Dismissal of a party cannot restore diversity jurisdiction where that party is "indispensable" to the litigation. Samaha v. Presbyterian Hosp., 757 F.2d 529, 531 (2d Cir. 1985). A party is indispensable if it is both "necessary" under Fed. R. Civ. P. Rule 19(a) and indispensable to the action under Rule 19(b). ConnTech Dev. Co. v. Univ. of Conn. Educ. Props., Inc., 102 F.3d 677, 681 (2d Cir. 1996). "It is well-established that a party to a contract which is the subject of the litigation is considered a necessary party." Ryan v. Volpone Stamp Co., Inc., 107 F. Supp. 2d

369, 387 (S.D.N.Y.2000); see also Global Discount Travel Servs., LLC v. Trans World Airlines, Inc., 960 F. Supp. 701, 708-09 (S.D.N.Y. 1997).  Both Securetec Germany and Securetec US are parties to the contract that is the basis of this action.  Although GDR notes in its opposition to this motion that only Securetec Germany signed the contract (GDR Mem. 6), the complaint alleges that Securetec Germany entered the agreement not only for itself but also "on behalf of" its subsidiary Securetec US (Am. Compl. ¶ 11), and asserts claims against both Securetec Defendants on the theory that both were parties to the contract.

In deciding whether a party is not only necessary, but also indispensable, to the litigation, courts generally consider (1) the plaintiff's interest in having a federal forum; (2) the defendant's interest in avoiding multiple litigation, inconsistent relief, and sole responsibility for joint liability; (3) the absent party's inability to protect its interests in any judgment rendered; and (4) the public interest in complete, consistent and efficient resolution of disputes.  Envirotech Corp. v. Bethlehem Steel Corp., 729 F.2d 70, 73 (2d Cir. 1984).  An analysis of the factors relevant to the indispensability analysis under Rule 19(b) confirms that Securetec US is not only necessary, but also indispensable, to the litigation.

The plaintiff generally has an interest in pursuing litigation in the forum of its choice, so to some extent this factor weighs in favor of GDR.  In this case, however, that interest is considerably mitigated, as there is no reason to believe that the federal court will be a particularly desirable forum for GDR.  The claims brought are all New York state law claims (Am. Compl. ¶¶ 28, 31-32, 36-38), and the New York state courts are fully competent to adjudicate such claims.  GDR, though incorporated in Delaware, has its principal place of business in New York (id. ¶ 2), while none of the defendants have any ties to New York.  There

is thus no reason for GDR to seek a federal forum for fear of bias from state courts or juries.

The other factors all weigh strongly in favor of the Securetec Defendants. GDR's complaint alleges breach of contract and various torts against Securetec US and Securetec Germany, and its dismissal of the claims against Securetec US is without prejudice. GDR therefore remains free to bring duplicative litigation against Securetec US in the state courts. Moreover, the complaint seeks "a permanent injunction enjoining Securetec [Germany], [and] its . . . subsidiaries [and] affiliates" from selling Securetec products in the North American market. (Am. Compl. at 9, ¶ A.) Thus, even after dismissing Securetec US from the litigation, GDR continues to seek relief that would bind that entity. Finally, the Securetec Defendants (including Securetec US), who have not yet answered the complaint, maintain that they intend to assert counterclaims, and that they have an interest in litigating those claims in the same forum. (Securetec Reply Mem. 5.) This is an entirely plausible assertion; contract litigation almost always involves mutual accusations of breach by both sides to the agreement. Taking all of these facts together, it is clear that there is a significant likelihood that additional claims may well be made by GDR against Securetec US, and by Securetec US against GDR, and these claims would need to be brought in separate state proceedings if this case is permitted to proceed without Securetec US as a party. Thus, defendants have significant interests in avoiding multiple litigation in state and federal forums, Securetec US has interests in this litigation even if it is not a party, and the public has a significant interest in avoiding wasteful multiplicitous litigation. Accordingly, Securetec US is an indispensable party to this litigation, and GDR cannot restore complete diversity of citizenship by the expedient of dismissing Securetec US from this litigation.

Because Securetec US is an indispensable party, defendants' motion to dismiss for lack of subject matter jurisdiction is granted.

SO ORDERED.

Dated: New York, New York
       November 21, 2008

_____
GERARD E. LYNCH
United States District Judge